The following appeal arises from the decision of the Belmont County Court West finding Robert L. Richmond, appellant, guilty of assault in violation of R.C. 2903.13 (A). For the reasons set forth below, the decision of the trial court is hereby affirmed.
Appellant was charged with an assault upon Terri Johnston which allegedly occurred during the early morning hours of December 31, 1995. At the arraignment on January 11, 1996, a plea of not guilty was entered on appellant's behalf. In light of appellant's voluntary waiver of a trial by jury, the case proceeded to trial before the court on March 5, 1996. As a result of the unavailability of witnesses, conflicts within the trial court's schedule and the failure of mechanical systems within the court, the trial to the court was conducted over five dates between March 5, 1996 and October 24, 1996. Throughout this period of time numerous witnesses were called by the state and appellant relative to the events which resulted in the charge of assault against appellant.
After all evidence and testimony had been presented by both sides, the court concluded that sufficient evidence was of record to find beyond a reasonable doubt that appellant had assaulted Ms. Johnston. As a result, appellant was sentenced to six months incarceration in the Belmont County Jail on October 24, 1996. A timely notice of appeal was filed from this entry on November 15, 1996. Additionally, appellant filed a motion to stay the execution of his sentence pending the appeal which was granted by the trial court on November 19, 1996.
Appellant's counsel on appeal filed a brief asserting the following:
 "Now comes counsel for Defendant-Appellant, and by this Brief advises this Court that he has found no matters which could arguably support an appeal and feels that said appeal would be wholly frivolous. Court-appointed counsel states that he has experience in criminal practice for more than fourteen (14) years.
 Therefore, counsel assigns no error in this case."
Counsel has filed a "no-merit" brief. Such briefs have previously been addressed by this court on numerous occasions in the past. In State v. Short (Nov. 24, 1997), Columbiana App. No. 96-CO-49, unreported, this court held:
 "It is well settled that an attorney appointed to represent an indigent criminal defendant on his or her first appeal as of right may seek permission to withdraw upon a showing that the appellant's claims have no merit. See, generally, Anders v. California (386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Toney
(1970), 23 Ohio App.2d 203, 262 N.E.2d 419. To support such a request, appellate counsel must undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support the appeal. Id. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous. Id."
In Toney, supra this court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:
 "* * * 3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.
 7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed."
Court appointed counsel did conclude that appellant's appeal was frivolous and advised this court of such. In compliance with the requirements set forth in Toney, supra, this court thereafter forwarded a letter directly to appellant allowing him thirty days to file a brief alleging error pro se. While this court made an attempt to notify appellant by U.S. Mail Service to the last address posted in appellant's file, said correspondence was returned to this court as appellant had moved and left no forwarding address. In that this court has made a reasonable effort to contact appellant to no avail, we must turn our attention to a full review of the proceedings in the trial court to determine whether any error occurred.
Appellant was charged with assault in violation of R.C.2903.13(A), which states:
 "No person shall knowingly cause or attempt to cause physical harm to another."
While witness testimony surrounding the events varies, the evidence before the trial court does support a finding that appellant assaulted Ms. Johnston. Ms. Johnston testified that during the early hours of December 31, 1995, she was dropped off by a friend in the alley adjacent to her apartment. While Ms. Johnston admitted to consuming alcohol prior to being dropped off, she stated that she was alert. As she was being dropped off, Ms. Johnston stated that two men ran from across the street and verbally accosted the individual who gave her a ride home. After exchanging words with the two men, Ms. Johnston testified that she was struck by one of the men and knocked to the ground. She was subsequently kicked repeatedly by the other man while she lay on the ground. As a result of this attack, Ms. Johnston required treatment at the local hospital.
Ms. Johnston's version of the events was supported by witness testimony from Lucinda Tolliver and Lisa Wells. Ms. Tolliver and Ms. Wells were in a gas station parking lot a short distance away when the alleged assault occurred. Both individuals testified that they witnessed two men hitting and kicking an individual who was on the ground. Additionally, both Ms. Tolliver and Ms. Wells were able to make an in court identification of appellant as one of the individuals striking Ms. Johnston.
In an attempt to counter the state's case, three witnesses were called to the stand by appellant. Appellant took the stand on his own behalf and testified that he never struck Ms. Johnston. On the contrary, appellant indicated that he was physically attacked by Ms. Johnston as he walked down an alley across from his brother's apartment. Appellant indicated that he only tried to restrain Ms. Johnston by grabbing her wrists in order to avoid being hit.
Appellant's brother, Michael Richmond, testified on appellant's behalf and gave a similar version of the events. Michael testified that he exited his apartment when he heard a commotion across the street. He then crossed the street to talk to his brother in order to inquire as to what the commotion had been. Upon crossing the street, Michael testified that Ms. Johnston had attacked him as well as his brother when she started swinging her purse and her fists at them. Michael indicated that they both fled back across the street to his apartment. Furthermore, he stated that he never struck Ms. Johnston and at the time she attacked him he was unable to determine whether she had previously been injured.
Finally, appellant called Michael's fiancé, Crystal Crowe, who was also at Michael's apartment at the time the above described events transpired. Ms. Crowe testified that she too witnessed Ms. Johnston swinging her purse at Michael and Robert Richmond. However, Ms. Crowe indicated that she did not see anyone strike Ms. Johnston and never saw her fall to the ground.
Based upon the above testimony in addition to photographs of the injuries sustained by the victim, the trial court came to the conclusion that appellant did in fact act in violation of R.C. 2903.13(A). It is well settled that determinations of witness credibility are primarily for the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230, 231. The trier of fact is in the best position to decide conflicts in testimony and to determine the weight to be afforded the evidence offered. Id. As such, this court cannot conclude that the trial court clearly lost its way in reaching its conclusion. The trial court was in the best position to determine the weight to be given each individual's testimony and whether the greater amount of credible evidence sustained a finding that appellant was guilty of the charged offense beyond a reasonable doubt.State v. Thompkins (1997), 78 Ohio St.3d 380, 387. Therefore, this court finds that enough credible evidence existed to permit reasonable minds to find guilt beyond a reasonable doubt.
Furthermore, a review of the record reveals that appellant had effective trial counsel. Trial counsel filed a motion for discovery and actively participated throughout the trial. Counsel appropriately objected to improper questioning and thoroughly cross-examined the state's witnesses. Based upon the foregoing, although counsel has failed to request that he be permitted to withdraw as counsel of record as suggested byToney, supra, this court is granting counsel permission to withdraw.
For the foregoing reasons, the judgment of the trial court is affirmed.
Cox, P.J., concurs.
Donofrio, J., concurs.
APPROVED:
 --------------------------- JOSEPH J. VUKOVICH, JUDGE