THE STATE OF OHIO, APPELLEE, *v.* TONEY, APPELLANT.

204

Mr. *Vincent E. Gilmartin*, prosecuting attorney, and Mr. *John A. Kicz*, for appellee.

Mr. *Edward L. Williams*, court appointed counsel, and Mr. *Lee Vaughn Toney, in propria persona*, for appellant.

JOHNSON, J. Defendant, along with two other persons, Frank Baker and Robert White, was charged with the armed robbery of Tape City Stereo on Glenwood Avenue, Youngstown, Ohio, on January 5, 1968.

Acting on a tip, the police staked out the area and Baker and White were apprehended at the site while in the perpetration of the crime. Defendant, the driver of the car used in the robbery, made good his escape after a high speed chase.

He was arrested on December 11, 1968, and served with a copy of the indictment which had been returned at the January term of the Mahoning County Grand Jury,.

Defendant, an indigent, was arraigned before Judge Osborne, who, prior to inquiry as to his plea, appointed counsel for his defense,

A writ of habeas corpus was filed, wherein it was claimed that the man named in the indictment, to wit, James Toney, was not in fact the defendant in custody who claimed to be Lee Vaughn Toney.

Evidence was adduced in the form of fingerprints, a long Youngstown City Police record, an F. B. I. record, as well as the testimony of the officers on the stake-out, that James Toney and Lee Vaughn Toney were one and the same person. Judge Cavalier ruled to that effect and found that the defendant was properly held. The indict-

ment was amended to read "James Toney, a. k. a. Lee Vaughn Toney."

Defendant was returned to Judge Osborne's court for arraignment, at which time he refused to plead to the charge. A plea of "not guilty" was entered by the court. On trial before a jury he was found guilty as charged and sentenced to ten to twenty-five years in the Ohio Penitentiary.

A notice of appeal was filed after a motion for a new trial had been overruled.

Upon finding appellant indigent, his motion for appointment of counsel for appeal at state expense was allowed by this court, and attorney Edward L. Williams was appointed to prosecute the appeal on October 7, 1969.

A transcript of the docket and journal entries has been filed, and a transcript of the arraignment, the hearing on the writ of habeas corpus and a bill of exceptions has been prepared and filed in the cause. The same were certified by the trial court on December 30, 1969.

On September 26, 1969, appellant *pro se* filed assignments of error and briefs.

Thereafter, on March 10, 1970, a brief was filed by attorney Williams, wherein he stated:

"The writer has made a diligent search of the bill of exceptions and made a careful research of the law which might 'arguably support appeal,' and we are unable to substantiate any of the defendant's assignments of error."

In counsel's brief each of the errors assigned by appellant *pro se* are analyzed and found in effect to be frivolous in the opinion of appointed counsel. A copy of counsel's brief was forwarded to the defendant at the penitentiary.

On March 27, 1970, a motion was filed *pro se* asking the discharge of attorney Williams on the ground that he is inadequate, incompetent and ineffective.

On April 13, 1970, appellant *pro se* filed a supplemental brief wherein a statement of the case, eight assigned errors, and authority in support were set out in considerable detail.

On April 27, 1970, attorney Williams filed a motion

asking to be dismissed as appellant's counsel, reciting his inability to find prejudicial error, and wishing not to prejudice the defendant's constitutional rights, both state and federal, by further representation of defendant in view of the conclusions counsel had reached.

What procedure should this court follow in safeguarding the constitutional rights of an indigent defendant where appointed counsel fails to assign errors which might "arguably support appeal"?

At the outset we would note that as a matter of policy we have long refrained from the practice of appointing young or inexperienced counsel to represent defendants on criminal appeals. We hold it to be the obligation of experienced criminal practitioners to accept appointment to represent indigent defendants in appeals. Though the compensation we can pay is totally inadequate for the services involved, we have received the cooperation of experienced practictioners who deem it their duty to conscientiously perform when called upon to represent indigent defendants.

Attorney Edward L. Williams has been an active criminal practitioner for over forty years. He has appeared in numerous first degree murder cases and charges of lesser import. Through the years he has frequently appeared before this court on behalf of paying clients. His conscientious efforts in the instant matter have equaled or excelled those given on behalf of the more fortunate who could pay for his efforts.

He has acted in the role of an active advocate in the case at bar as opposed to that of *amicus curiae*.

But does due process require the marshalling of some argument on behalf of an indigent when competent counsel can discover no error in the record? Are constitutional guarantees so broad that appointments should continue to be made in a case until some counsel will *advance an error that arguably supports the appeal?*

In *Anders v. California*, 386 U. S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396, Mr. Justice Clark delivered the opinion of the court concerning "* * * the duty of a court-appointed appellate counsel to prosecute a first appeal from

a criminal conviction, after that attorney has conscientiously determined that there is no merit to the indigent's appeal.''

In that case (a conviction for possession of marijuana), after a study of the record and conferences with the defendant, counsel advised the court that there was no merit in the appeal, and at the same time he informed the court that appellant wished to file a brief on his own behalf. At this juncture petitioner requested the appointment of another attorney. Petitioner then filed his own brief *pro se*. Paragraph seven of the syllabus reads:

''An indigent accused's constitutional right to counsel on the first appeal from his conviction requires that court-appointed counsel support the appeal to the best of his ability; if, after a conscientious examination of the case, he finds it to be wholly frivolous, he should so advise the court and request permission to withdraw, accompanying his request with a brief referring to anything in the record that might arguably support the appeal; a copy of the lawyer's brief should be furnished to the indigent, and time allowed him to raise any points that he chooses; the court must then decide, after a full examination of all the proceedings, whether the case is wholly frivolous; if it so finds, it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires; but if it finds any of the legal points arguable on their merits, and therefore not frivolous, it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.''

In conformity with these guidelines the court has fully examined the bill of exceptions and concludes, as did counsel, that there are no errors that could be arguably supported on appeal.

The errors assigned *pro se* on April 13, 1970, by the defendant after having received appointed counsel's brief deserve comment before final disposition of the cause.

First, appellant claims the indictment was faulty because it does not bear the name of appellant.

At the hearing on the application for a writ of habeas

corpus, which transcript is a part of this record, it was conclusively proved that James Toney, named in the original indictment, and Lee Vaughn Toney, the name appellant claims to be his proper name, are aliases for the same person. In prior arrests, as indicated by the Youngstown police record for numerous prior bookings, defendant has used such names as Toney Lee Vaughn, Lee Vaughn Toney, Vaughn Lee Toney, James A. Toney, James Aldis Toney and Lee Vaughn Burney Toney. The fingerprints under all these various bookings lead inexorably to the defendant herein, who was positively identified not only by print but by the personal observation of police officers at the scene of the robbery.

The fact that the writ of habeas corpus was denied and the indictment amended to recite the defendant's presently used name in addition to the one found in the original indictment in no way violated defendant's constitutional rights.

Second, the defendant claims he was denied the right to a preliminary hearing.

Defendant was arrested approximately eleven months after the crime was committed. He, as James Toney, along with Frank Baker and Robert White, was indicted at the January Term of the Grand Jury. Under the facts there was no need for a preliminary hearing in the Youngstown Municipal Court. He was properly arraigned before the Common Pleas Court of Mahoning County and when he refused to plead to the charge against him the trial court entered a plea of "not guilty" in his behalf.

Third, the prosecuting attorney did not try the appellant for what the indictment read.

Obviously there is no merit in such a claim when the jury's verdict clearly shows he was found guilty of armed robbery as defined in R. C. 2901.13, being the charge contained in the indictment.

Fourth, it was error when the juror said that the appellant was not going to get a fair trial.

The *voir dire* examination is not contained in the bill of exceptions. Comments of prospective jurors are not available for our consideration. Suffice it to say that on

page three of the statement of the case set out in appellant's brief *pro se,* appellant concedes that the prospective juror was discharged by the trial court.

Fifth, the judge made an error by telling the jury to disregard a "hung jury."

A reading of the court's charge does not indicate any reference to the term "hung jury" or any words of similar import.

Sixth, the court did not give the appellant protection of keeping state witnesses out of the court while in session.

A motion for separation of witnesses was granted by the trial court. Counsel for the state and for the defendant were advised to do their own policing of witnesses since the trial judge could not possibly know who might be witnesses.

In the case of detective Angelo Kissos, appellant's counsel waived the separation rule and acquiesced to his sitting in the courtroom.

Seventh, the evidence did not show cause as to why appellant should have been put on trial.

The true bill returned by the grand jury disposes of this claimed error. Further, it was the opinion of the jury and it is the opinion of this court, after a full and complete review of the evidence, that defendant was properly found guilty, as charged, beyond a reasonable doubt.

Eighth, counsel was inadequate.

Our comment as to this error is set out above.

We conclude that none of the errors assigned by the appellant *pro se* are arguable on the merits and are but a frivolous attempt to prosecute an appeal which is devoid of legal substance.

Defendant was afforded a complete and fair trial and was well represented by appointed counsel. On appeal appellate counsel has made a conscientious effort in the highest sense of advocacy to represent his client.

Indigency does not permit or require greater rights than those enjoyed by other persons in a similar situation who are able to afford the retention of private counsel. It would be intolerable indeed if the within record were to be examined on the basis of poverty or wealth. Whether

prince or pauper we conclude the same. Defendant, James Toney, was adequately and fairly represented at trial and upon appeal. Constitutional guarantees provide for nothing more. At some time in the legal process the protection afforded an indigent's rights must finally be concluded. In our opinion that time is now.

Accordingly, the application of attorney Edward L. Williams dated April 24, 1970, to withdraw as appointed counsel is granted. The court extends its thanks for the sincere and conscientious effort which he has expended.

The motion of defendant *pro se* filed March 27, 1970, for the dismissal of attorney Williams and the appointment of other appellate counsel to prosecute this appeal is denied insofar as the appointment of other counsel is concerned for the reasons above assigned.

On consideration of the assignments of error and briefs filed *pro se* on April 13, 1970, the court finds the same to be frivolous and without merit and the judgment of the trial court is, therefore, affirmed.

*Judgment affirmed.*

LYNCH, P. J., and O'NEILL, J., concur.