DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, Crystal Lowe, appeals from her conviction and sentence for Possession of Drugs and Possession of Drug Paraphernalia. We affirm.
On December 23, 1996, defendant-appellant pled guilty to Possession of Drugs in violation of R.C. 2925.11(A) and Possession of Drug Paraphernalia in violation of R.C. 2925.14(C). The Lorain County Court of Common Pleas ordered a presentence investigation report and on March 25, 1997, sentenced defendant to ten months in prison on Count I and 30 days in prison on Count II, plus mandatory fines of $2500.00 and $250.00 respectively. These sentences were to be served concurrently along with another sentence of two to five years on unrelated convictions.
After sentencing, the trial court appointed Attorney Jody Barilla to represent defendant in this appeal. Ms. Barilla filed a brief pursuant to Anders v. California (1967), 386 U.S. 738,18 L.Ed.2d 493, with a motion to withdraw as counsel claiming that no arguable issue for appeal exists. A copy of the brief was also mailed to defendant as required by Anders. After reviewing the record, in accord with Anders, supra, on July 29, 1997, we denied the motion to withdraw. No merit brief was ever submitted to the court, and oral arguments were waived.
The United States Supreme Court held in Anders, supra, that on an indigent's first appeal from his conviction, court-appointed counsel must support the appeal to the very best of his or her ability and may withdraw only if, "after a conscientious examination," he or she is convinced that the appeal is wholly frivolous. Anders, supra, at 741-44, 18 L.Ed.2d at 497-98. In fact, the Court stated if such is the case, counsel "should so advise the court and request permission to withdraw." Id. at 741,18 L.Ed.2d at 498. Moreover, the appointed defense counsel must submit a brief that refers to anything in the record that might arguably support the appeal. Id. Such a brief serves the dual purpose of assisting the court in determining both that counsel has in fact conducted a review of the record and that the case may be decided without an adversary presentation. Penson v. Ohio
(1988), 488 U.S. 75, 102 L.Ed.2d 300, 309, fn. 4, citing Anders,supra, at 744-45, 18 L.Ed.2d at 498-99.
There are also ethical considerations that buttress theAnders decision. The Code of Professional Responsibility requires an attorney to represent his or her client zealously. EC 7-1. This is not to say that meritless, frivolous appeals should be brought. Indeed, the Disciplinary Rules further state that a lawyer, in the representation of his client, shall not:
 [k]nowingly advance a claim or defense that is unwarranted under existing law, except that he may advance such a claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law.
DR 7-102(A)(2). The Code of Professional Responsibility prohibits an attorney from filing appeals that are unwarranted, or in other words frivolous. Indeed, DR 2-110(C)(1)(a) permits withdrawal of an attorney when a claim or defense is not warranted under the current law. Assuredly, the Anders and Penson Courts felt it better to allow an attorney to withdraw and notify the court that the case before it was frivolous, than to force an attorney to advance an argument which he or she ethically should not, and under the Disciplinary Rules, subject him or herself to sanctions.
Next we consider the appellate court's role in the Anders
process. The filing of an Anders Brief requires the reviewing court to undertake a full examination of the record. Anders,supra, at 744, 18 L.Ed.2d at 498. The court "must" review the proceedings below before it can move to the next stage. Penson,supra, at 80, 102 L.Ed.2d at 309. This review is not an option, rather it is the court's "duty." State v. Sees, (January 20, 1988), Summit App. No. 13219, unreported, at 2, citing State v.Toney (1970), 23 Ohio App.2d 203. Once a decision is made regarding the absence of any nonfrivolous issues, a court in its discretion may grant or deny the leave to withdraw, hear any arguments the pro se defendant might make, and then may render a decision on the merits. See Anders, supra, at 744,18 L.Ed.2d at 498.
After conducting an independent examination of the record, we agree with defense counsel that there are no appealable, nonfrivolous issues. As Attorney Barilla stated in her brief and as the transcript indicates, the defendant voluntarily entered a plea of guilty with an understanding of the charges, and specifically, freely and voluntarily waived her constitutional rights. The Ohio Revised Code provides for only limited grounds for appeal when a defendant pleads guilty to a felony. See R.C.2953.08.
Attorney Barilla points out in her brief that Defendant was sentenced to only ten months, not the maximum twelve. R.C.2929.14(A)(5) provides that for a felony of the fifth degree, a definite prison term of six, seven, eight, nine, ten, eleven, or twelve months must be imposed. Further, R.C. 2929.14(B) provides that if the defendant is a first time offender and prison time is ordered, the minimum sentence shall be ordered. R.C. 2929.14(C) provides that the longest term may be imposed only when the offender has committed the worst form of the offense, poses a greater likelihood of committing future crimes, is a certain major drug offender, or is a certain violent offender. These categories do not apply to the defendant, and thus, the trial court, operating within its discretion, properly imposed the prison term of ten months.
The trial court also considered the defendant's prior prison term and noted that she had been convicted of several prior offenses. Thus, as provided in R.C. 2953.08(A)(2), because the court found at least one of the factors in R.C. 2929.13(B) applicable, defendant is not even entitled to appeal her sentence as a matter of right.
Defendant was apprised of the risks involved and possible consequences of her pleas, freely waived her constitutional rights, and had effective assistance of counsel. Defense counsel filed a proper Anders Brief, and although given the opportunity, the defendant has not offered any arguments supporting reversal of the trial court's judgment and sentence. Upon a full review of the record, we find all the proceedings in and findings of the trial court proper. Accordingly, the judgment of the trial court is affirmed.
Judgment affirmed.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
REECE, J. and DICKINSON, J. CONCUR.