Defendant-appellant, Sheiree A. Henderson, appeals her conviction in the Mahoning County Court of Common Pleas on a single count of felonious assault with a firearm specification.
On June 14, 1996, the Mahoning County Grand Jury returned an indictment against appellant stating that on May 16, 1996 appellant had knowingly caused or attempted to cause physical harm to Ortegas Jones by means of a deadly weapon in violation of R.C. 2903.11. In addition, the indictment contained a firearm specification pursuant to R.C. 2941.141 and 2929.71(A).
Appellant waived her right to a jury trial, and on August 14, 1996, a bench trial was held before Judge Maureen Cronin. The trial court found appellant guilty both on the charge of felonious assault and on the firearm specification. On September 23, 1996, appellant was sentenced to an indefinite term of three to fifteen years with three years actual incarceration for the firearm specification. On October 7, 1996, appellant filed this timely notice of appeal.
On June 5, 1998, appellant's court-appointed counsel on appeal filed a memorandum indicating that he could not find any errors to raise on appeal. The memorandum stated that in coming to this determination, counsel had spent substantial time reviewing the transcript of the proceedings. By journal entry filed on June 23, 1998, this court granted appellant thirty days to raise any claims of error. Appellant has not raised any points of error or in any other manner responded to this court's journal entry.
In State v. Toney (1970), 23 Ohio App.2d 203, this court set forth in its syllabus the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:
" '* * *
 " '3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 " '4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 " '5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
" '* * *
 " '7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.' "
Based on a thorough review of the record and the transcript of proceedings, this court finds no merit in this matter and thereby rules this appeal wholly frivolous. The record indicates that a fair trial was conducted with overwhelming evidence supporting appellant's conviction.
Based upon the foregoing, although counsel has failed to request that he be permitted to withdraw as counsel of record as is suggested in Toney, supra, this court hereby permits counsel to withdraw.
The judgment of the trial court is affirmed.
Vukovich, J., concurs
Waite, J., concurs
APPROVED:
 ____________________ Gene Donofrio Presiding Judge