The following appeal arises from the decision of the Belmont County Common Pleas Court, Juvenile Division, placing appellant's two minor children with Brian Litman, the father of one of the minor children. For the reasons set forth below, the decision of the trial court is hereby affirmed.
Tracy Armann, appellant, is the mother of Seth Armann (D.O.B. 9/10/92) and Garrett Litman (D.O.B. 7/10/94). Brian Litman is the father of Seth Armann. While Micah Tucker has been determined to be the father of Garrett Litman, such determination was not formally made until May 20, 1996. Prior to this final determination, it was Mr. Litman's belief that he was Garrett's father as he signed the child's birth certificate. Both children resided with appellant prior to the commencement of proceedings in the juvenile court.
On October 11, 1995, the Belmont County Department of Human Services — Children Services Division, hereinafter referred to as Children Services, filed complaints to have both children adjudicated dependent pursuant to R.C. 2151.04(C). The complaints alleged that the children were dependent as their condition or environment was such as to warrant the state, in the interests of the children, to assume their guardianship. At the time the complaints were filed, Children Services also requested temporary custody, or in the alternative, protective supervision. A hearing was held on November 21, 1995 for the purpose of adjudication and disposition based on Children Services' requests. By agreement of the parties, appellant was granted temporary custody of Seth while Mr. Litman obtained temporary custody of Garrett. Additionally, a visitation schedule was established so as to facilitate each parent's interaction with both children. The entry also stipulated that Roseanne Falcone was to be appointed as guardian ad litem to conduct further investigation as to the permanent disposition of custody. A second hearing was scheduled for January 5, 1996.
During the January 5, 1996 hearing, the guardian ad litem's report was admitted into evidence and witness testimony was presented to the court. Additionally, both parties stipulated to the dependency of the children so the court adjudicated both children as such. It was the guardian ad litem's opinion that the temporary custody arrangement reached on November 21, 1995 should remain in place. The trial court determined that said arrangements would remain in place until all testimony was presented and a final disposition could be reached. The matter was therefore reset for further hearings on final disposition. The trial court subsequently entered an entry nunc pro tunc on April 9, 1996, indicating that the arrangements agreed upon at the January 5, 1996 hearing constituted a final disposition and that any future hearings were being held in accordance with a motion to modify final disposition.
Additional hearings were held by the court on March 13, 1996; May 20, 1996; and August 23, 1996. Further testimony and evidence was presented for the court's consideration. In that testing introduced at the May 20, 1996 hearing established that Mr. Tucker was the biological father of Garrett, the matter was again continued. It was ordered that the guardian ad litem perform home evaluations of appellant, Mr. Litman and Mr. Tucker to assist the court in reaching a conclusion on the placement of both minor children.
The guardian ad litem submitted a second report and home evaluations on August 20, 1996. In her report, Ms. Falcone indicated that despite numerous attempts she was unable to perform a home evaluation on appellant as she could not be located. Furthermore, based on the stable home environment provided by Mr. Litman and the lack thereof being established by Mr. Tucker, Ms. Falcone opined that the best interests of the children would be served by placing both individuals with Mr. Litman. Following a hearing on August 23, 1996, the court followed the guardian ad litem's suggestions and ordered that Brian Litman and his wife be the residential parents of Seth Armann and the legal custodians of Garrett Litman. Appellant filed a timely notice of appeal from the Juvenile Court's decision on September 23, 1996.
Appellant's counsel on appeal filed a brief asserting the following:
 "Now comes the undersigned counsel for the Appellant and, by this Brief, advises this Court that he has found no matters which could arguably support an appeal and feels that any such appeal would be wholly frivolous. This opinion is based upon his fourteen (14) years of experience and a detailed examination of the file and the transcript on two (2) separate occasions.
The court acted in accordance with its authority.
* * *
 As a consequence, counsel assigns no error in this case."
Counsel has filed a "no-merit" brief. We have discussed such briefs on numerous occasions in the past. In State v. Short
(Nov. 24, 1997), Columbiana App. No. 96-CO-49, unreported, this court held:
 "It is well settled that an attorney appointed to represent an indigent criminal defendant on his or her first appeal as of right may seek permission to withdraw upon a showing that the appellant's claims have no merit. See, generally, Anders v. California 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Toney (1970), 23 Ohio App.2d 203, 262 N.E.2d 419. To support such a request, appellate counsel must undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support the appeal. Id. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous. Id."
In Toney, supra this court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:
 "* * * 3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error Which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.
 7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed."
This court has previously applied the standards set forth inToney, to cases involving custody of minor children. In theMatter of Mindy Hall (Mar. 30, 1990), Belmont App. No. 89-B-13, unreported.
Court appointed counsel did conclude appellant's appeal to be frivolous and advised this court of such. In compliance with the requirements set forth in Toney, supra, this court thereafter forwarded a letter to appellant via her trial counsel allowing her thirty days to file a brief alleging any assignments of error pro se, to which this court has received no response. After a thorough review of the record, we determine that appellant's appeal has no merit.
Based on the evidence and testimony elicited during the several days of hearings, it is clear that the trial court based its decision on what was in the best interest of the child. In determining that both children should be placed with Mr. Litman, the court correctly found that appellant could not provide a suitable home environment. Therefore granting custody to appellant would have proven to be detrimental to the minor children.
Overwhelming support for the court's decision is gained by reviewing the reports of the guardian ad litem. Upon the order of the juvenile court, Ms. Falcone attempted to perform home evaluations on Mr. Litman and appellant. Ms. Falcone's evaluation of Mr. Litman's living arrangements revealed a more than adequate home environment for both minor children. Mr. Litman owned his own home which contained a bedroom with furniture for both children. The living quarters were determined to be well kept and sufficient. Additionally, Mr. Litman's home was located on a lot which provided ample space for the children to participate in outdoor activities. Furthermore, both Mr. Litman and his wife were employed and were able to maintain health insurance coverage on the children. Mr. Litman had maintained consistent interaction with both children and appropriately provided for them as needed. It was Ms. Falcone's opinion that Mr. Litman could provide the physical and emotional support that the children required. Despite the fact that it had been proven that Garrett was not Mr. Litman's child, Mr. Litman still expressed an eagerness to have custody of the child due to their extensive interaction in the past.
In contrast, despite Ms. Falcone's repeated efforts to locate appellant for home evaluation purposes, she was unable to do so. Similar efforts to locate appellant were made by a case worker at the Department of Human Services to no avail. Ms. Falcone did not recommend either child be placed with appellant due to appellant's inability to show stable housing. Additionally, appellant's past behavior as testified to by numerous witnesses caused Ms. Falcone to believe a risk of harm to the children existed if they were placed with appellant.
Based upon the uncontroverted evidence provided by the guardian ad litem, this court cannot find that the trial court erred in finding the best interest of Seth and Garrett would be served by placing both minor children with Mr. Litman. Appellant failed to establish that she could provide suitable care or housing for the children. Based upon the foregoing, although counsel has failed to request that he be permitted to withdraw as counsel of record as is suggested inToney, supra, this court is granting counsel permission to withdraw.
For the foregoing reasons, the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Waite, J., concurs.
APPROVED:
 __________________________ JOSEPH J. VUKOVICH, JUDGE