OPINION
Defendant-appellant, Jerri L. Ullom, appeals her conviction in the Belmont County Court, Western Division, for DUI.
On July 30, 1995, appellant was arrested for speeding and DUI. Appellant pled not guilty and, on August 24, 1995, filed a joint motion to dismiss and suppress. Appellant sought suppression of the BAC test results and also took issue with the Administrative License Suspension (ALS) form read and provided to her. Although the arresting officer indicated on the front of the form that appellant was not under an ALS suspension, the back of the form indicated that she would be placed under an ALS suspension if she refused the chemical test.
The motion was heard on October 4, 1995, at which time the court advised appellant that she was not under an ALS suspension or any other type of suspension. On October 11, 1995, the trial court filed a journal entry overruling her motion.
On November 9, 1995, appellant filed a motion to reconsider, still questioning the law regarding ALS. The motion was heard on November 14, 1995, and overruled on December 7, 1995.
On January 30, 1996, a plea agreement was reached whereby appellant pled no contest to the DUI charge and the speeding charge was dismissed. Appellant was sentenced accordingly, and on February 2, 1996, appellant appealed her conviction.
On December 20, 1999, appellant's court-appointed counsel on appeal filed a memorandum indicating that he could not find any errors to raise on appeal. The memorandum stated that in coming to this determination, counsel had thoroughly reviewed the transcripts of proceedings. On June 2, 2000, this court notified appellant that she had thirty days to raise any claims of error. Appellant has not raised any points of error or in any other manner responded to this court's inquiry.
In State v. Toney (1970), 23 Ohio App.2d 203, this court set forth in its syllabus the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:
 "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
"* * *
 "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed."
Based on a thorough review of the record and the transcript of proceedings, this court finds no merit in this matter and thereby rules this appeal wholly frivolous. The record amply supports the trial court's determinations on the motions made and issues raised by appellant below.
Based upon the foregoing, counsel's motion to withdraw is hereby sustained and the judgment of the trial court is affirmed.
VUKOVICH, J., concurs, WAITE, J., concurs