OPINION
Defendant-appellant, Arthur Batdorf, appeals his conviction in the Mahoning County Common Pleas Court for gross sexual imposition and kidnapping.
On December 1, 1997, appellant took a six-year old girl who was visiting her grandmother's home to his home. There, he taped her to a chair and had sexual contact with her.
On July 13, 1998, after being advised of his Miranda rights, appellant confessed to the incident.
On August 14, 1998, a Mahoning County Grand Jury indicted appellant on two counts. Count 1 was for gross sexual imposition, in violation of R.C. 2907.05(A)(4)(B), a felony of the third degree. Count 2 was for kidnapping, in violation of R.C. 2905.01(A)(4)(C), a felony of the second degree. Appellant was appointed counsel and entered a plea of not guilty by reason of insanity. Appellant's counsel also made a motion asking the court for an order to evaluate appellant to determine his competency to stand trial and his competency at the time of the incident. The court ordered the evaluation and stayed all further proceedings pending the outcome of a hearing to determine appellant's competency.
The Forensic Psychiatric Center of Northeast Ohio, Inc. (FPC) examined appellant and issued a report. On December 7, 1998, the court held a hearing to determine appellant's competency to stand trial. The report was not made a part of the record. However, at the hearing, appellant's counsel stated that he disagreed with the report. Therefore, it is apparent that FPC opined that appellant was competent to stand trial. The court agreed and found appellant competent to stand trial.
On January 11, 1999, appellant's counsel made a motion for an independent expert evaluation of appellant's competency to stand trial and his sanity at the time of the offense. Specifically, appellant's counsel requested the appointment of Dr. Thomas Eberle, a clinical and forensic psychologist at The Western Pennsylvania Hospital. The court so ordered and stayed all further proceedings pending the outcome of another hearing to determine appellant's competency.
Dr. Eberle examined appellant and appellant's counsel filed his report with the court on May 20, 1999. Dr. Eberle opined that appellant was competent to stand trial and that he was not legally insane at the time of the offense.
On May 24, 1999, and pursuant to a Crim.R. 11 plea agreement, appellant withdrew his previous plea of not guilty by reason of insanity and pled guilty to both charges. In exchange, appellee agreed to stand silent on the issue of sentencing.
On August 19, 1999, the court sentenced appellant to five years imprisonment for the charge of gross sexual imposition and eight years for the charge of kidnapping, said sentences to be served consecutively. Appellant waived his right to a sexual predator determination hearing and stipulated to being a sexual predator. The court entered a finding accordingly.
Appellant's counsel filed a timely notice of appeal. Subsequently, on August 8, 2000, appellant's counsel filed a motion to withdraw as counsel along with a no merit brief. In a journal entry filed November 3, 2000, this court granted appellant thirty days to raise any errors and to file a brief in support. To date, appellant has not raised any points of error or in any other manner responded to this court's inquiry.
In State v. Toney (1970), 23 Ohio App.2d 203, this court set forth in its syllabus the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:
 "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
"* * *
 "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed."
Based on a thorough review of the record and the transcript of proceedings, there appears to be no errors worthy of merit and this appeal appears wholly frivolous. The record amply supports the trial court's determinations on the motions made and issues raised by appellant below. Appellant confessed to the incident and at least one other similar incident involving a different victim. Two evaluations determined appellant competent to stand trial and sane at the time of the offense. Dr. Eberle concluded, and appellant acknowledges, that appellant is a pedophile.
Based upon the foregoing, counsel's motion to withdraw is sustained and the judgment of the trial court is hereby affirmed.
 ____________ DONOFRIO, J.
Vukovich, J., concurs.
DeGenaro, J., concurs.