OPINION
This timely appeal arises from Appellant's conviction on one count of receiving stolen property. For the following reasons, Appellant's conviction is affirmed.
On April 29, 1999, a complaint was filed against Appellant, Vindal L. Ogletree, alleging one count of intimidation in violation of R.C. §2921.03(A) and one count of receiving stolen property in violation of R.C. § 2913.51(A). On May 17, 1999, Appellant waived indictment and pleaded guilty to one count of receiving stolen property pursuant to a bill of information. The remaining charge was not pursued. Following a sentencing hearing on June 1, 1999, the trial court sentenced Appellant to an eighteen-month prison term to be served immediately after and consecutive with any term imposed by the adult parole authority if the present offense should constitute a parole violation. On June 18, 1999, Appellant filed his notice of appeal.
On September 2, 1999, Appellant's appointed counsel filed a brief on behalf of Appellant. Counsel's brief consisted of a "Non-Assignment of Error," stating that she found no matters which could arguably support an appeal. This Court sent notice to Appellant granting him thirty days to raise any assignment of error. Appellant has not filed a pro se brief at any point.
It is well settled that an attorney appointed to represent an indigent criminal defendant on his or her first appeal as of right may seek permission to withdraw upon a showing that the claims have no merit. See generally Anders v. California (1967) 386 U.S. 738; State v. Toney
(1970), 23 Ohio App.2d 203. To support such a request, appellate counsel must undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record which might arguably support an appeal. State v. Toney, 207 citingAnders v. California. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous.Id.
In Toney, this Court set forth in its syllabus the procedure to determine whether an indigent's appeal is meritless:
 "3. Where a court appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purpose of appeal should be denied.
 "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed."
In State v. Sanguinetti (March 30, 1999), Mahoning App. No. 94 C.A. 229, unreported, this court stated that the appellant's counsel, ". . . has made no request to withdraw and appellant pro se has raised no issues for possible appeal, so this appeal concerns only the fifth element of the Toney syllabus." As the circumstances in Sanguinetti are identical to those in the case before us, it is appropriate to consider only whether Appellant's appeal is wholly frivolous.
A review of the record, particularly the transcript of the sentencing hearing, indicates no irregularities in sentencing. The trial court made appropriate and requisite findings and the sentence imposed was within the statutory guidelines. While we have before us the transcript of the sentencing hearing, absent from the record is a transcript of the hearing in which the trial court accepted Appellant's guilty plea. There is no request by counsel or Appellant in the record requesting that transcript. However, on May 27, 1999, the trial court filed an extensive journal entry in which it appears that the court thoroughly addressed and interrogated Appellant concerning possible penalties and the consequences of his guilty plea. In our review of that entry it appears that the trial court conducted a thorough and conscientious hearing pursuant to Crim.R. 11(C).
Based on the above, it is apparent that the record before this Court contains no appealable issues. Moreover, Appellant was given ample opportunity to present his own arguments to this Court. Accordingly, we must affirm the judgment of the trial court.
_________ WAITE, J.
Donofrio, J., concurs.
DeGenaro, J., concurs.