OPINION
Defendant-appellant, Thomas E. Beaver, appeals his conviction and sentence in the Belmont County Common Pleas Court for breaking and entering.
On April 8, 1999, a Belmont County Grand Jury indicted appellant for burglary, in violation of R.C. 2911.12(A)(4), a felony of the fourth degree. Subsequently, appellant and plaintiff-appellee, State of Ohio, reached a plea agreement. Appellee amended the charge to breaking and entering, in violation of R.C. 2911.13(A), a felony of the fifth degree, and recommended a sentence of probation and restitution. In exchange, appellant plead guilty to the amended charge. The trial court ordered a pre-sentence investigation and victim impact statement and scheduled a sentencing hearing for September 27, 1999.
However, on September 20, 1999, appellee filed a motion to revoke appellant's bond based on appellant's violation of certain conditions placed on his bond. Specifically, appellee alleged that appellant had consumed alcoholic beverages and entered the State of Ohio without permission. The trial court issued a warrant for appellant's arrest and he was placed in jail that same day.
Appellant was held until his sentencing hearing on September 27, 1999. Appellant, appellant's counsel, appellee, and the victim each addressed the trial court. On October 6, 1999, the court rejected appellee's sentence recommendation and sentenced appellee to twelve months incarceration. However, the court suspended that sentence and placed appellant on three years of community control sanctions and ordered appellant to serve two months in the Belmont County Jail followed by six months at the Eastern Ohio Correction Center with credit for fifty-five days served at the county jail. The court also ordered appellant to make restitution to the victim. Appellant appealed the court's sentencing decision.
On December 7, 1999, appellant filed a motion for judicial release. On January 14, 2000, appellee filed a motion to revoke the community control sanctions alleging that appellant had failed to be on good behavior. The trial court heard both motions resulting in the withdrawal of appellee's motion to revoke and establishment of new probation terms.
Appellant's appointed appellate counsel filed a no merit brief on December 29, 2000.
On April 4, 2000, appellee filed another motion to revoke the community control sanctions alleging that appellant had failed to reside and work in West Virginia and, instead, had relocated to Ohio. After a hearing on appellee's motion, the trial court sentenced appellant to sixty days in the Belmont County Jail. The court also ordered that upon appellant's release, the community control sanctions shall resume.
On December 20, 2000, appellee filed another motion revoking community control sanctions alleging that appellant had in West Virginia been charged with domestic battery, a third offense DUI, driving under suspension, and failing to obey a traffic light. A hearing on appellee's motion was continued pending appellant's release from jail in West Virginia.
Appellant filed a notice of appeal only from the trial court's original sentencing decision of October 6, 1999. As already indicated, appellant's appointed appellate counsel filed a no merit brief on December 29, 2000. In a letter dated July 13, 2001, and directed to appellant, this court granted appellant thirty days to raise any errors and to file a brief in support. To date, appellant has not raised any points of error or in any other manner responded to this court's inquiry.
In State v. Toney (1970), 23 Ohio App.2d 203, this court set forth in its syllabus the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:
 "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
"* * *
 "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed."
Based on a thorough review of the record and the transcript of proceedings, there appears to be no error worthy of merit and this appeal appears wholly frivolous. The record amply supports the trial court's sentencing determination. In its decision, the court clearly sets forth and considers all of the statutory factors and notes which ones are applicable in appellant's case. Sentencing decisions are within the sound discretion of the trial court and it is not required to abide by the state's recommendation.
Based upon the foregoing, the judgment of the trial court is hereby affirmed.
Vukovich, J., concurs
DeGenaro, J., concurs