OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and defense counsel's no-merit brief and motion to withdraw. Defendant-Appellant, Franklin Robinson, appeals the judgment of the Belmont County Court, Western Divison, which found him guilty of speeding, driving under suspension, and driving without a properly adjusted restraining device and sentenced him accordingly. Robinson's counsel has filed a no-merit brief on appeal and seeks to withdraw as counsel. Robinson has failed to assign any errors pro se. We conclude that Robinson has no assignment of error he could arguably support on appeal and, therefore, this appeal is wholly frivolous. Counsel's motion to withdraw is granted and the trial court's judgment is affirmed.
 {¶ 2} On December 11, 2001, Ohio State Trooper Dennis Wilcox was on patrol on Interstates 470 and 70 in Belmont County, Ohio. While on patrol, he observed a vehicle which appeared to be traveling in excess of the posted speed limit of 65 miles per hour. He caught the car and paced it at 75 miles per hour for somewhere between three-quarters of a mile and a mile and a quarter. He also saw the vehicle drift off the right side of the road and cross a fog line twice. After making these observations, Trooper Wilcox stopped the vehicle.
 {¶ 3} Upon approaching the vehicle, Trooper Wilcox observed the driver, Robinson, was not wearing a seatbelt. He obtained Robinson's registration and license. After running his license, Trooper Wilcox discovered that it was suspended. He also discovered that there was a warrant out for Robinson's arrest. He then cited Robinson for speeding, driving under suspension, and driving without a seatbelt and arrested him.
 {¶ 4} After his arrest, Robinson moved to dismiss the charges against him or, in the alternative, suppress the results of the traffic stop. The trial court heard and overruled those motions. The matter proceeded to a bench trial, after which the trial court found Robinson guilty on all counts. The trial court then sentenced Robinson to 180 days in jail with 90 days suspended and costs for driving while suspended, ordered he pay a $25 fine for speeding, and ordered he pay a $30 fine for driving without a seatbelt.
 {¶ 5} Robinson timely appealed his conviction and his sentence was stayed pursuant to local appellate rule. Robinson was appointed appellate counsel for his appeal. That appellate counsel subsequently filed a brief where he stated he could find no matters which could arguably support an appeal and his belief that this appeal is frivolous. Pursuant to State v.Toney (1970), 23 Ohio App.2d 203, 52 O.O.2d 304, 262 N.E.2d 419, his attorney then moved to withdraw as appellate counsel. This court granted Robinson thirty days to file a pro se brief listing any assignments of error he chooses. Robinson failed to file a brief.
 {¶ 6} Appellate counsel appointed to represent an indigent criminal defendant on his or her first appeal as of right may seek permission to withdraw where he can show that there is no merit to the appeal. Anders v. California (1967) 386 U.S. 738. In Toney, this court set forth the procedure to be used when counsel of record determines an indigent's appeal is frivolous:
 {¶ 7} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 8} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 {¶ 9} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 {¶ 10} "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purpose of appeal should be denied.
 {¶ 11} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id. at syllabus.
 {¶ 12} Appellate counsel has not pointed to any areas where we might find an arguable issue on appeal. After reviewing the record, we agree with counsel's conclusion that there are no arguable issues. For example, the trial court did not violate Robinson's speedy trial rights, it properly denied his pretrial motions, and there was competent, credible evidence at trial supporting each element of the offenses against him. Finally, Robinson's sentence complies with R.C. 2929.21.
 {¶ 13} Because a review of the record does not disclose any appealable issues, Appellate counsel is correct. This appeal is frivolous. Counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.
Judgment affirmed.
Donofrio and Vukovich, JJ., concur.