OPINION
{¶ 1} Appellant Kenneth A. Jones was convicted in Belmont County Court, Western Division, on one count of driving while under a license suspension in violation of R.C. § 4507.02(D)(2), a first degree misdemeanor. The conviction arose out of a traffic stop that occurred on May 24, 2003, in Belmont County. Appellant was arraigned on May 29, 2003, and pleaded guilty at that time. He was subsequently sentenced to 180 days in jail. Appellant's appointed counsel on appeal filed a no merit brief and has requested to withdraw as counsel, pursuant to State v. Toney
(1970), 23 Ohio App.2d 203, 52 O.O.2d 304, 262 N.E.2d 419. On December 23, 2003, Appellant was given thirty days to file a written brief listing any errors that occurred in the trial court proceedings. Appellant failed to submit a response.
 {¶ 2} An attorney appointed to represent an indigent criminal defendant on his first appeal as of right may seek permission to withdraw where the attorney can show that there is no merit to the appeal. See, generally, Anders v. California (1967)386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. To support such a request, appellate counsel is required to undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support an appeal. Toney, supra, at 207, 262 N.E.2d 419, citing Anders. The reviewing court must then decide, after a full examination of the proceedings, whether the appeal is wholly frivolous. Id.
 {¶ 3} In Toney, this Court established guidelines to be followed in the event counsel of record determines that an indigent's appeal is frivolous:
 {¶ 4} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 5} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 {¶ 6} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 {¶ 7} "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.
 {¶ 8} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id. at syllabus.
 {¶ 9} Appellant's court-appointed counsel has not suggested any areas of inquiry for possible appealable issues. Appellant was also given a chance to personally submit a brief setting forth any perceived errors in the trial court proceedings, but he chose not to submit a brief. It is clear from the record, which includes a transcript of Appellant's sentencing hearing held on June 17, 2003, that Appellant had numerous prior license suspensions, that he was intoxicated at the time of the traffic stop, and that he had three prior convictions for driving under the influence. The sentence imposed by the trial court was within the range of sentences allowed for first degree misdemeanors. There are no indications in the record of any errors that would warrant further review. Counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
Vukovich, J., concurs.