OPINION
{¶ 1} Appellant Vincent Franklin pleaded no contest and was convicted in the Youngstown Municipal Court on one count of attempted possession of drugs, a first degree misdemeanor. Counsel for Appellant has filed a motion to withdraw as counsel due to a lack of meritorious issues on appeal, pursuant to State v. Toney (1970), 23 Ohio App.2d 203,52 O.O.2d 304, 262 N.Ed.2d 419. Counsel's motion is sustained and the judgment is affirmed.
 {¶ 2} Appellant was originally charged on June 15, 2004, with one count of possession of less than five grams of crack cocaine, R.C.2925.11(A), (C)(4)(a), a fifth degree felony. On June 23, 2004, he entered into a Crim.R. 11 plea agreement and pleaded no contest to attempted possession of crack cocaine. The attempt statute, R.C.2923.02(E)(1), reduced the charge to a first degree misdemeanor. Appellant was sentenced on August 24, 2004, to 180 days in jail, with 69 days of credit for time served, leaving a balance of 111 days. The court did not impose any fines or court costs. The court then issued a stay of the sentence so that Appellant could attend a drug program at the Community Corrections Association (CCA) facility relating to a different criminal case. The court ordered Appellant to serve the remainder of his sentence after he completed the program at CCA.
 {¶ 3} Upon release from CCA, Appellant was placed in a program at the Donofrio Center. He was discharged from that program on December 22, 2004, due to a disagreement with another resident, and was not permitted to return. Appellant then entered the Turning Point Program to continue treatment for drug and mental health issues. During this period the court scheduled a status hearing regarding *Page 2 
Appellant's sentence. Appellant filed a motion to dismiss any further sentence based on the time he had served in the CCA program, but Appellant failed to appear at the motion hearing. The court overruled the motion to dismiss on June 3, 2005, because the time Appellant served in the drug rehabilitation program was related to a different criminal case. Another sentencing status hearing was scheduled. Appellant also failed to appear at that hearing, and an arrest warrant was issued. Appellant appeared before the court on July 7, 2005, and the court ordered Appellant to continue with drug counseling and treatment. The court again continued to stay the remainder of the jail sentence. Appellant failed to appear for subsequent status hearings, failed to report to his probation officer, and was terminated from the Turning Point Program due to noncompliance. The court initiated contempt proceedings for failure to appear at status hearings. Appellant eventually was arrested and appeared at the contempt/status hearing on September 8, 2006.
 {¶ 4} At the hearing, the court noted that four different arrest warrants had been issued at various times in the case. Appellant stated that he had been homeless for three years. No one at the hearing had any concrete suggestions to enable Appellant to continue receiving any treatment. Following hearing, the court dissolved the stay on the remainder of Appellant's sentence, gave him fifteen days credit for time served since his arrest, and ordered Appellant to serve the remaining 96 days in jail. The court also found Appellant in contempt, imposed fifteen days in jail but gave him fifteen days of jail credit, and no further sentence was imposed. *Page 3 
 {¶ 5} This appeal was filed on September 22, 2006. We appointed counsel on appeal. A transcript of the September 8, 2006, was prepared and filed. Appellant's counsel filed a motion to withdraw as counsel on August 30, 2007.
 {¶ 6} On September 24, 2007, we granted Appellant 30 days to file any pro se claims of error. Nothing has been filed.
 {¶ 7} Counsel is asking to withdraw pursuant to Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and pursuant to our ruling in Toney, supra. "`It is well settled that an attorney appointed to represent an indigent criminal defendant on his or her first appeal as of right may seek permission to withdraw upon a showing that the appellant's claims have no merit. To support such a request, appellate counsel must undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support the appeal. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous." (Citations omitted.) State v. Odorizzi (1998), 126 Ohio App.3d 512, 515,710 N.E.2d 1142.
 {¶ 8} In Toney, this Court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:
 {¶ 9} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he *Page 4 
should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 10} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 {¶ 11} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 {¶ 12} "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.
 {¶ 13} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Toney, supra, at syllabus.
 {¶ 14} Although this case has a rather long and complicated history, the actual judgment entry on appeal deals with the straightforward subject of dissolving a stay of execution of a sentence. At time of hearing, it is clear that Appellant was not participating in any drug treatment programs. Therefore, the initial justification for the stay was no longer valid. The court gave Appellant credit for an additional fifteen days in jail based on his arrest for failure to appear at prior hearings, and the stay was lifted. No new jail time was ordered. There is no indication that the court ever *Page 5 
imposed any type of drug treatment or misdemeanor community control sanction that could be credited against his pending jail term. It is apparent that the court had imposed a jail sentence and then stayed the sentence. When the justification for the stay was no longer applicable, the court vacated the stay and ordered the sentence to be executed.
 {¶ 15} Because there is no error in any of the proceedings, we hereby affirm the judgment of the trial court. Counsel's motion to withdraw is sustained.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1