[Cite as *State v. Kocak*, 2017-Ohio-945.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 15 MA 0173 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| ANDREW KOCAK | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 14 CR 915C

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiff-Appellee: Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant: Atty. Ryan D. Ingram
7330 Market Street
Youngstown, Ohio 44512

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: March 15, 2017

WAITE, J.

{¶1} Appellant Andrew Kocak appeals a September 10, 2015 Mahoning County Common Pleas Court judgment entry finding him guilty of violating his probation and reimposing his original sentence. Appellant's counsel filed a no merit brief requesting leave to withdraw. A complete review of the case reveals no appealable issues. Accordingly, appointed counsel's motion to withdraw is granted and the convictions and sentence are affirmed.

Factual and Procedural History

{¶2} On September 18, 2014, Appellant was indicted on the following charges: endangering children, a felony of the second degree in violation of R.C. 2919.22(B)(1)(E), (1)(d); corrupting another with drugs, a felony of the fourth degree in violation of R.C. 2925.02(A)(4)(a), (C)(3), felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(1), (D), and two counts of intimidation, felonies of the third degree in violation of R.C. 2921.04(B)(2), (D). Pursuant to a Crim.R. 11 plea agreement, Appellant pleaded guilty to all charges. According to the agreement, Appellant would be eligible for judicial release after six months and the state agreed to stand silent regarding judicial release.

{¶3} The trial court imposed the following sentence: three years of incarceration for endangering children, eighteen months on the corrupting another with drugs count, three years for felonious assault, and one year of incarceration on each intimidation count. The trial court ordered the sentences to run concurrently and concurrent to Appellant's sentence in case number 13 CR 1172. Hence, the trial court imposed an aggregate sentence of three years of incarceration.

**{¶4}** On May 7, 2015, Appellant filed a motion for judicial release; as per the plea agreement, the state stood silent. On July 24, 2015, the trial court held a hearing on the motion. On July 29, 2015, the trial court sustained Appellant's motion and imposed a five-year community control period. The trial court's entry stated that it would reimpose the original sentence if Appellant violated his community control.

**{¶5}** On August 3, 2015, the state filed a motion to extend or revoke Appellant's probation. Appellant stipulated to probable cause and was found guilty of a probation violation. On September 10, 2015, the trial court reimposed Appellant's three-year sentence, with credit for 335 days served. This timely appeal followed.

<u>No Merit Brief</u>

**{¶6}** Based on a review of this matter, appellate counsel seeks to withdraw after finding no potentially meritorious arguments for appeal. This filing is known as a no merit brief or an *Anders* brief. See *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967). In our district, it is referred to as a *Toney* brief. See *State v. Toney*, 23 Ohio App.2d 203, 262 N.E. 2d 419 (7th Dist.1970).

**{¶7}** In *Toney*, this Court established the procedure to be used when appellate counsel wishes to withdraw from a case deemed a frivolous appeal.

> 3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court

by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, *pro se.*

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments *pro se* of the indigent, and then determine whether or not the appeal is wholly frivolous.

\* \* \*

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Id.* at syllabus.

{¶8} On January 15, 2016, appellate counsel filed the no merit brief in this matter. On February 1, 2016, we filed a judgment entry informing Appellant that his counsel had filed a no merit brief and giving him thirty days to file his own brief. Appellant failed to file a brief in this matter. Accordingly, we must independently

examine the record to determine whether there are any potentially meritorious issues in this matter.

## Judicial Release

{¶9} "The court, in its discretion, may revoke the judicial release if the offender violates the community control sanction described in division (R)(1) of this section." R.C. 2929.20(R)(2). On August 3, 2015, the state filed a motion to revoke Appellant's probation. Appellant stipulated to probable cause. On September 3, 2015, the trial court held a probation revocation hearing. As a probation revocation hearing is not a criminal trial, the state need not prove a violation beyond a reasonable doubt. *State v. Harris*, 7th Dist. No. 11 MA 51, 2012-Ohio-1304, ¶ 13, citing *State v. Delaine*, 7th Dist. No. 08 MA 257, 2010-Ohio-609, ¶ 14; *State v. Hylton*, 75 Ohio App.3d 778, 782, 600 N.E.2d 821 (4th Dist.1991). Instead, the state must present "substantial proof that a defendant violated the terms of his community control sanction." *Harris* at ¶ 13.

{¶10} At the hearing, Appellant admitted to stealing the following items from his mother: a car, an iPad, three television sets, and $40. He also admitted that he bought and ingested heroin in an attempt to kill himself. Although he denied threatening or attempting to harm the victims, his drug use and theft crimes constitute substantial evidence of a probation violation. Based on Appellant's admissions, the trial court did not abuse its discretion in revoking Appellant's judicial release. Thus, there are no appealable issues regarding the revocation of Appellant's judicial release.

### Sentencing

**{¶11}** Pursuant to R.C.2929.20(K):

If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and *shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction.* (Emphasis added.)

**{¶12}** The trial court's July 29, 2015 judgment entry stated that "[t]he Defendant was further advised that should he violate any term or condition of his Community Control Sanction, this court would send him back to the penitentiary for the remainder of his sentence." (Emphasis deleted.) (7/29/15 J.E., p. 1.) Thus, pursuant to R.C. 2929.20(K), the trial court reserved the right to reimpose Appellant's original sentence if he violated his community control. As such, the trial court properly reimposed Appellant's original sentence. Thus, there are no appealable issues as to Appellant's sentence.

### Conclusion

**{¶13}** Appellate counsel seeks to withdraw as a review of the record did not reveal any potentially meritorious arguments. For the reasons provided, this record reveals no potentially meritorious arguments. Accordingly, counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Robb, P.J., concurs.