OPINION
{¶ 1} Defendant-appellant, John Frank Wayne, appeals a decision of the Mahoning County Common Pleas Court sentencing him to fifteen years imprisonment on three counts of gross sexual imposition.
 {¶ 2} On August 24, 2000, a Mahoning County Grand Jury returned an indictment against appellant setting forth three counts. Count 1 was for rape of a person less than thirteen years of age, in violation of R.C.2907.02(A)(1)(b)(B), a first-degree felony. Counts 2 and 3 were for gross sexual imposition involving a person less than thirteen years of age, in violation of R.C. 2907.05(A)(4)(B), a third-degree felony. Appellant was appointed counsel and pled not guilty. The case proceeded to discovery and other pretrial matters, including a forensic examination.
 {¶ 3} On January 22, 2001, appellant and plaintiff-appellee, State of Ohio, entered into a Criminal Rule 11 plea agreement. Under the agreement, appellee agreed to move to have Count 1 amended from rape of a person less than thirteen years of age, in violation of R.C.2907.02(A)(1)(b)(B), a first-degree felony, to gross sexual imposition involving a person less than thirteen years of age, in violation of R.C.2907.05(A)(4)(B), a third-degree felony. In exchange, appellant agreed to plead guilty to the amended Count 1 and the remaining Counts 2 and 3. Appellant also agreed to a stipulation that he would be classified as a habitual sexual offender. The trial court sustained appellee's motion, accepted appellant's guilty pleas, and set the matter for a sentencing hearing.
 {¶ 4} Following a pre-sentence investigation, the trial court conducted the sentencing hearing on May 2, 2001. Following the statements of counsel and testimony from the victim's mother, the trial court sentenced appellant to a five-year term of imprisonment on each of the three counts with the terms to be served consecutively. The trial court filed a judgment entry of sentence on May 9, 2001. Appellant filed a notice of appeal and was appointed appellate counsel. On May 29, 2002, appellant's appointed appellate counsel filed a no merit brief and asked to withdraw as counsel, pursuant to State v. Toney (1970),23 Ohio App.2d 203.
 {¶ 5} In Toney, supra, this court set forth in its syllabus the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:
 {¶ 6} "`* * *
 {¶ 7} "`3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 8} "`4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 {¶ 9} "`5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 {¶ 10} "* * *
 {¶ 11} "`7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.'"
 {¶ 12} This court granted appellant thirty days to file a brief raising any assignments of error. On June 26, 2002, appellant filed a pro se brief raising one assignment of error.
 {¶ 13} Appellant's sole assignment of error states:
 {¶ 14} "The trial court abused its discretion and erred in imposing a sentence greater than the minimum sentences on each count of conviction, said sentences being contrary to law and not supported by evidence in the record, and the trial court having failed to make the requisite findings to support the same."
 {¶ 15} Appellant was convicted of gross sexual imposition involving a person less than thirteen years of age, in violation of R.C.2907.05(A)(4)(B). A violation of that section is a felony of the third degree. R.C. 2907.05(B). A felony of the third degree carries a possible prison term of one, two, three, four, or five years. R.C. 2929.14(A)(3). The trial court sentenced appellant to the maximum term of imprisonment on each count, five years, with the terms to be served consecutively.
 {¶ 16} Since appellant had previously served a prison term for a similar offense, his sentence in this case raises only two issues — imposition of the maximum for each count and imposition of consecutive sentences.
 {¶ 17} R.C. 2929.14(C) provides:
 {¶ 18} "(C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 19} In this case, the trial court complied with R.C. 2929.14(C) by finding on the record that appellant poses the greatest likelihood of committing future crimes.
 {¶ 20} R.C. 2929.14(E)(4) provides:
 {¶ 21} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 22} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 23} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 24} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 25} R.C. 2929.19(B)(2) works in conjunction with R.C.2929.14(E)(4) to require the following:
 {¶ 26} "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 27} "* * *
 {¶ 28} "(c) If it imposes consecutive sentences under section2929.14 of the Revised Code, its reasons for imposing the consecutive sentences[.]"
 {¶ 29} In this case, the trial court also complied with R.C.2929.19(B)(2) and R.C. 2929.14(E)(4). The trial court found on the record that consecutive prison sentences were necessary to protect the public and punish appellant. The trial court also found that the sentences were not disproportionate to the conduct and the danger appellant poses and that appellant's criminal history demonstrated that consecutive terms were needed to protect the public.
 {¶ 30} Likewise, the record supports the sentences imposed by the trial court. Appellant has a lengthy criminal history including a prison term for a similar offense. The record also reflects the tender age of the victim, the great harm caused to the victim, and the fact that the appellant used his relationship with the victim to facilitate the offenses.
 {¶ 31} Appellant also suggests that under R.C. 2941.25(A) the three counts should have been merged into one for purposes of sentencing. Appellant's argument is misplaced. R.C. 2941.25 governs allied offenses of similar import. The indictment reflects that each of the offenses occurred on separate dates. Therefore, the crimes were committed separately and with a separate animus and cannot be considered allied offenses of similar import. State v. Blankenship (1988),38 Ohio St.3d 116, 526 N.E.2d 816. In addition, failure to raise the issue of allied offenses of similar import below constitutes a waiver of that issue on appeal. State v. Comen (1990), 50 Ohio St.3d 206,553 N.E.2d 640.
 {¶ 32} Accordingly, appellant's sole assignment of error is without merit. Moreover, based on a thorough review of the record there is no error worthy of merit.
 {¶ 33} Counsel's motion to withdraw is sustained and the judgment of the trial court is hereby affirmed.
Judgment affirmed.
Vukovich and Waite, JJ., concur.