OPINION
{¶ 1} Defendant-appellant Ricki Hill has appealed from his conviction for receiving stolen property which was entered after a bench trial in the Youngstown Municipal Court. Appellate counsel has filed a no merit brief and a motion to withdraw as counsel. For the following reasons, the judgment of the trial court is affirmed and counsel's motion to withdraw is granted.
 STATEMENT OF THE CASE {¶ 2} Appellant's sister-in-law, the victim in this case, testified that appellant knocked on her door at 4:00 a.m. on January 3, 2003. (Tr. 5). When he asked for help due to car problems, she let him stay overnight at her house on the south side of Youngstown. In the morning, her car was missing. (Tr. 8). After waiting several hours hoping appellant would return with her car, she filed a police report.
 {¶ 3} Thereafter, the police advised her that the car had been towed from a street in Campbell where it had lost a wheel. When she went to retrieve her car, she discovered a receipt from a pawn shop showing that someone with appellant's name and address had just pawned a .14 carat women's diamond cluster ring. (Tr. 11). Since she had a ring fitting this description, she went home and searched for it but could not find it. (Tr. 14). Thus, she filed charges for the theft of her ring.
 {¶ 4} On January 10, 2003, appellant was charged with receiving stolen property in violation of R.C. 2913.51(A), a first degree misdemeanor. Appellant could not be located and was not arrested until the end of June 2003. The case was tried to the court on September 4, 2003.
 {¶ 5} After the victim testified, the state presented the testimony of the pawn shop employee who signed the receipt. He advised that identification is required for all transactions and concluded that the name and address on the receipt had to have matched that of the person whose identification he reviewed. He denied that someone could have used appellant's license unless a person that looked exactly like him had his license. (Tr. 24, 32).
 {¶ 6} Defense counsel then filed a motion to dismiss arguing that the pawn shop employee could not personally identify the person pawning the ring. Counsel also argued that the victim could not positively show ownership of the pawned ring because the ring was never recovered. The court overruled the motion, and appellant's case was presented.
 {¶ 7} Appellant's stepson claimed that appellant had been staying with his aunt (the victim) and using her car. He stated that he heard his mother talking on the phone to the victim at 4:00 a.m. He then attempted to relate hearsay about what the victim told his mother. (Tr. 40). He also admitted that appellant stole his mother's purse during the time period in question and that appellant was under the influence of drugs at that time. (Tr. 41-42).
 {¶ 8} Finally, appellant's wife testified. She claimed that her sister (the victim) called her at 4:00 a.m. and revealed that she and appellant had been getting high for days. Appellant's wife alleged that the victim disclosed to her that she went to the pawn shop with appellant and made appellant pawn her ring for her because she did not have her license. (Tr. 44). Appellant's wife admitted that appellant used the victim's car to come steal her purse. (Tr. 45). She also conceded that appellant was under the influence of drugs at the time. (Tr. 46).
 {¶ 9} The court found appellant guilty as charged and sentenced him to ninety days in jail. Timely notice of appeal was filed. On July 19, 2004, appellate counsel filed a motion to withdraw and a no merit brief, citing Anders v. California (1967) 386 U.S. 738. We notified appellant that he had thirty days to file his own brief; however, he did not do so.
 LAW {¶ 10} The United States Supreme Court held in Anders that appellate counsel appointed to represent an indigent criminal defendant on his or her first appeal as of right may seek permission to withdraw where he can show that there is no merit to the appeal. In State v. Toney (1970),23 Ohio App.2d 203, this court set forth the following procedure to be used when counsel of record determines an indigent's appeal is frivolous:
 {¶ 11} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 12} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 {¶ 13} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 {¶ 14} "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purpose of appeal should be denied.
 {¶ 15} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id. at syllabus.
 {¶ 16} The appellate court must independently review the record to determine that counsel made a diligent effort to find any appealable, nonfrivolous issues. Appellate counsel has not pointed to any areas where we might find an arguable issue on appeal. This court undertook a full examination of the record, including the transcript. After reviewing the record, we agree with counsel's conclusion that there are no arguable issues.
 {¶ 17} For example, the trial court did not violate appellant's speedy trial rights and made no evidentiary errors. There were no pretrial motions and none that should have been made. There was sufficient evidence supporting each element of the offense, i.e., after viewing the evidence in the light most favorable to the state, some rational person could believe that appellant possessed the victim's ring with reasonable cause to believe that it was stolen. See State v. Goff (1998),82 Ohio St.3d 123, 128. Furthermore, appellant's sentence is valid. See R.C. 2929.21, 2929.22, and 2929.24.
 {¶ 18} The docketing statement implied that an issue for appeal would be manifest weight of the evidence. Nonetheless, there was competent, credible evidence presented from which the trial court could believe the victim's interpretation of the direct and circumstantial evidence. SeeState v. Thompkins (1997), 87 Ohio St.3d 386-387. The trial court was in the best position to judge the witnesses' credibility after viewing each witness's demeanor, voice inflection, and gestures. State v. DeHass
(1967), 10 Ohio St.2d 230, 231. Notably, both of appellant's witnesses diminished his character by revealing that he was under the influence of drugs at the time and that he stole his wife's purse on the day of the incident in question.
 {¶ 19} For the foregoing reasons, the judgment of the trial court is hereby affirmed and counsel's motion to withdraw is granted.
Waite, P.J., concurs. DeGenaro, J., concurs.