[Cite as *State v. Tusin*, 2011-Ohio-2629.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10-MA-29 |
| | ) | |
| MICHAEL TUSIN, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 08CR277

JUDGMENT:      Affirmed

APPEARANCES:
For Plaintiff-Appellee

Paul Gains
Prosecutor
Ralph Rivera
Jennifer McLaughlin
Assistant Prosecutors
21 W. Boardman St., 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant

Attorney Jay Blackstone
6600 Summit Drive
Canfield, Ohio 44406

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: May 26, 2011

DONOFRIO, J.

{¶1}   Defendant-appellant, Michael Tusin, appeals from a Mahoning County Common Pleas Court judgment convicting him of theft following a guilty plea.

{¶2}   On August 1, 2008, appellant was charged by way of bill of information with one count of theft of firearms, a third-degree felony in violation of R.C. 2913.02(A)(1)(B)(1)(4).

{¶3}   Pursuant to a plea agreement with plaintiff-appellee, the State of Ohio, appellant entered a guilty plea to the charge.  In exchange, the state agreed to stand silent at sentencing and to agree to a joint recommendation that appellant be released on his own recognizance pending sentencing.  Additionally, appellant had agreed to inform the police where the stolen firearms were so that they could be recovered and returned to their owner.  The trial court accepted appellant's plea, set the matter for sentencing, and released appellant on his own recognizance.

{¶4}   Appellant failed to appear at sentencing and the court issued a warrant for his arrest. A year later, he was arrested in Illinois and brought back to Ohio for sentencing.  Because appellant had failed to comply with his part of the plea agreement by failing to cooperate with the police in recovering the stolen firearms and failing to appear at his initial sentencing hearing, the state did not stand silent at sentencing and instead recommended a prison term.

{¶5}   The trial court sentenced appellant to four years in prison and ordered him to make restitution.

{¶6}   Appellant filed a timely notice of appeal on February 8, 2010.  Due to appellant's indigency, this court appointed counsel to represent him.

{¶7}   Appellant's counsel has filed a no merit brief and motion to withdraw as counsel pursuant to *State v. Toney* (1970), 23 Ohio App.2d 203.  In *Toney*, this court set out the procedure to be used when appointed counsel finds that an indigent criminal defendant's appeal is frivolous.

{¶8}   The *Toney* procedure is as follows:

{¶9}   "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and

that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

{¶10} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

{¶11} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

{¶12} " * * *

{¶13} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id. at the syllabus.

{¶14} This court informed appellant that his counsel filed a *Toney* brief. Appellant did not file a pro se brief.

{¶15} Despite the fact that he filed a no-merit brief, appellant's counsel has raised three issues, which he then concludes lack merit. These issues encompass those that may be raised on appeal when a guilty plea is entered.

{¶16} The first issue is whether appellant entered his plea knowingly, voluntarily, and intelligently.

{¶17} When determining the voluntariness of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Trubee*, 3d Dist. No. 9-03-65, 2005-Ohio-552, at ¶8, citing *Brady v. United States* (1970), 397 U.S. 742. Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing and voluntary, it has been obtained in violation of

due process and is void. *State v. Martinez*, 7th Dist. No. 03-MA-196, 2004-Ohio-6806, at ¶11, citing *Boykin v. Alabama* (1969), 395 U.S. 238, 243.

**{¶18}** A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of federal constitutional rights. *Martinez*, 7th Dist. No. 03-MA-196, at ¶12. These rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to proof of guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c).

**{¶19}** A trial court need only substantially comply with Crim.R. 11(C)(2) pertaining to non-constitutional rights such as informing the defendant of "the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence." *Martinez*, supra, at ¶12, citing Crim.R. 11(C)(2)(a)(b).

**{¶20}** The trial court strictly complied with Crim.R. 11(C)(2)(c) in advising appellant of his constitutional rights. At the plea hearing, the court informed appellant that he had the right to a jury trial, the right to require the state to prove his guilt beyond a reasonable doubt, the right to cross examine all witnesses, the right to subpoena witnesses to testify on his behalf, and the right against self-incrimination. (Plea Tr. 5-7). Appellant stated that he understood all of these rights. (Plea Tr. 5-7).

**{¶21}** Furthermore, the court substantially complied with Crim.R. 11(C)(2)(a)(b) in advising appellant of his non-constitutional rights. The court informed appellant that he was charged with one count of theft. (Plea Tr. 4-5). It also advised him that after accepting his plea, it could immediately proceed to sentencing. (Plea Tr. 7-8). And finally the court informed him that he faced a maximum prison term of five years and a maximum fine of $10,000. (Plea Tr. 7-8). Appellant acknowledged that he understood these matters. (Plea Tr. 5, 7-8).

**{¶22}** Based on the court's compliance with Crim.R. 11(C)(2), appellant entered his plea knowingly, voluntarily, and intelligently.

**{¶23}** The second issue is whether appellant's sentence is contrary to law or whether the trial court abused its discretion in sentencing him.

**{¶24}** Our review of felony sentences is now a limited, two-fold approach, as outlined in the plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, at ¶26. First, we must examine the sentence to determine if it is "clearly and convincingly contrary to law." Id. (O'Conner, J., plurality opinion). In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. Id. at ¶¶ 13-14 (O'Conner, J., plurality opinion). If the sentence is clearly and convincingly not contrary to law, the court's discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion. Id. at ¶17 (O'Conner, J., plurality opinion). Thus, we apply an abuse of discretion standard to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12. Id. at ¶17 (O'Connor, J., plurality opinion).

**{¶25}** Appellant was convicted of a third-degree felony. The applicable sentences for a third-degree felony are one, two, three, four, or five years. R.C. 2929.14(A)(3). The trial court sentenced him to four years. So appellant's sentence was within the statutory range.

**{¶26}** Furthermore, the trial court stated in its sentencing judgment entry that it "considered the record, oral statements, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors [under] Ohio Revised Code Section 2929.12."

**{¶27}** Thus, appellant's sentence is not contrary to law.

**{¶28}** Likewise, the trial court did not abuse its discretion in sentencing appellant. The trial court noted that the presentence investigation report made a recommendation of a prison term before appellant failed to appear for sentencing. (Sentencing Tr. 15). The court also referenced appellant's criminal history. (Sentencing Tr. 16). And the court indicated that it did not believe in appellant's expressed remorse because he failed to appear for sentencing and had to be brought back to court by means of extradition. (Tr. Sentencing Tr. 16). Finally, the

court mentioned that if appellant helped the police recover the stolen weapons, it might consider judicial release. (Sentencing Tr. 17-18).

**{¶29}** Hence, the trial court considered various relevant factors in sentencing appellant within the applicable range and did not abuse its discretion.

**{¶30}** The third issue is whether appellant's counsel was ineffective.

**{¶31}** To prove an allegation of ineffective assistance of counsel, the appellant must satisfy a two-prong test. First, appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation. *Strickland v. Washington* (1984), 466 U.S. 668, 687; *State v. Bradley* (1989), 42 Ohio St.3d 136, at paragraph two of the syllabus. Second, appellant must demonstrate that he was prejudiced by counsel's performance. Id. To show that he has been prejudiced by counsel's deficient performance, appellant must prove that, but for counsel's errors, the result of the trial would have been different. *Bradley*, at paragraph three of the syllabus.

**{¶32}** Appellant bears the burden of proof on the issue of counsel's effectiveness. *State v. Calhoun* (1999), 86 Ohio St.3d 279, 289. In Ohio, a licensed attorney is presumed competent. Id.

**{¶33}** At the plea hearing, appellant told the court that he was completely satisfied with his counsel's representation. (Plea Tr. 4). Counsel negotiated a plea deal with the state. And the trial court even agreed to counsel's and the state's recommendation to release appellant on his own recognizance pending his sentencing hearing. At sentencing, counsel apologized for appellant failing to appear and offered an explanation to the court regarding appellant's pregnant girlfriend who lived in Chicago with their two children and appellant's attempt to support them. (Sentencing Tr. 10-12). Counsel also requested that the court sentence appellant to a minimum sentence so that he could soon return to Chicago to provide support for his children. (Sentencing Tr. 11-12).

**{¶34}** Nothing in the record demonstrates ineffectiveness of counsel and no errors on counsel's part are apparent.

{¶35} In sum, no meritorious appealable issues exist.

{¶36} For the reasons stated above, the trial court's judgment is hereby affirmed and counsel's motion to withdraw is granted.

Waite, P.J., concurs.

DeGenaro, J., concurs.