[Cite as *State v. Nichols*, 2011-Ohio-2972.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 10 JE 11 |
| PLAINTIFF-APPELLE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| RAYMONT A. NICHOLS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Common Pleas Court, Case No. 07 CR 100.

JUDGMENT:      Affirmed.
Counsel Permitted to Withdraw.

APPEARANCES:
For Plaintiff-Appellee:      No Brief Filed.

For Defendant-Appellant:      Attorney Eric Reszke
Suite 810
Sinclair Building
Steubenville, OH 43952

JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Gene Donofrio

Dated: June 9, 2011

DeGenaro, J.

{¶1} Defendant-Appellant, Raymont A. Nichols appeals the April 13, 2010 judgment of the Jefferson County Court of Common Pleas that resentenced him to correct the imposition of post-release control. Appointed appellate counsel filed a no-merit brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 and *State v. Toney* (1970), 23 Ohio App.2d 203, 52 O.O.2d 304, 262 N.E.2d 419, and requested leave to withdraw from the case. Nichols failed to file a pro-se brief. Thus, it is the duty of this Court to examine the record and determine if the appeal is frivolous. A thorough review of the case file reveals that there are no appealable issues, and that the appeal is in fact frivolous. Accordingly the judgment of the trial court is affirmed and counsel is permitted to withdraw.

### Facts and Procedural History

{¶2} During a traffic stop, police discovered approximately 57.8 grams of crack cocaine in Nichols' vehicle. On October 4, 2007, following a jury trial, Nichols was convicted of one count of drug possession, and was sentenced to a definite three-year mandatory prison term. He also received a lifetime weapons disability and a six-month driver's license suspension. With regard to post-release control, the court stated: "Upon completion of the prison term, the defendant is subject to a period of supervision under post-release control of five (5) years as the parole board may determine pursuant to law."

{¶3} Nichols appealed the sentencing entry to this court, alleging that evidence was improperly admitted at trial and that his conviction was not supported by sufficient evidence. This court found those arguments meritless and affirmed the judgment of the trial court. *State v. Nichols*, 7th Dist. No. 07 JE 50, 2009-Ohio-1027.

{¶4} On April 12, 2010, the trial court sua sponte held a resentencing hearing to correct its imposition of post-release control. At the time of resentencing, Nichols was still serving his three-year prison sentence. During the hearing counsel for both sides stated they had nothing to add to the matter, aside from the correction of post-release control. Upon questioning by the court, Nichols had nothing to say with regard to his sentence.

{¶5} The court balanced the seriousness and recidivism factors and resentenced Nichols to the minimum possible term, i.e., a three-year mandatory prison term. The

court noted that Nichols would get credit for all the time he had already served for the crime. The court imposed the lifetime weapons disability and the six-month driver's license suspension. The court then explained that it was required to impose a mandatory five-year term of post-release control. The court explained all of the ramifications of post-release control. The court explained that all of these conditions would be effective as of the date of Nichols' original sentencing, October 4, 2007. Nichols indicated his complete understanding.

{¶6} The court issued a judgment entry on April 13, 2010 which resentenced Nichols to a mandatory, definite three-year prison term, a lifetime weapons disability and a six-month driver's license suspension, which was the exact sentence he received originally. With regard to post-release control, the entry stated: "Upon completion of the prison term, the defendant shall be subject to a further period of supervision under post release control of five (5) years as imposed by the parole board pursuant to law and in accordance with ORC§2927.28."

{¶7} Nichols' appointed appellate counsel filed an *Anders/Toney* no-merit brief and motion to withdraw. This court gave Nichols leave to file a pro-se brief with assignments of error, but no brief was filed.

## Motion to Withdraw

{¶8} An attorney appointed to represent an indigent criminal defendant may seek permission to withdraw if the attorney can show that there is no merit to the appeal. See, generally, *Anders,* 386 U.S. 738. To support such a request, appellate counsel is required to undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support an appeal. *Toney*, 23 Ohio App.2d at 207. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous. Id.

{¶9} In *Toney*, this Court established guidelines to be followed when counsel of record determines that an indigent's appeal is frivolous:

{¶10} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no

assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

{¶11} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

{¶12} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

{¶13} "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.

{¶14} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id. at syllabus.

{¶15} After reviewing the record in this case, Nichol's appointed counsel concluded there are no meritorious issues to present on appeal. Nichols has not assigned any errors pro se. Thus, pursuant to *Toney*, this court must now review the proceedings and determine whether it agrees that this appeal wholly lacks merit.

**Correction of Post-release Control**

{¶16} Because Nichols appeals from his resentencing to correct a post-release control sentencing error, the only possible issues on appeal would relate to that resentencing. In fact, counsel has provided the following "arguable" assignment of error, which he determined was meritless:

{¶17} "The trial court did not adequately inform the Appellant of a mandatory five (5) year period of post release control at his re-sentencing."

{¶18} Our independent review of the record confirms this is the only possible argument, and it is meritless. R.C. 2967.28(B) requires that a sentencing court imposing a prison term on first- or second-degree felony offenders and certain other offenders "*shall* include a requirement that the offender be subject to a period of post-release

control imposed by the parole board after the offender's release from imprisonment." (Emphasis added.)  Pursuant to R.C. 2967.28(B)(1), first-degree felonies require a five-year mandatory period of post-release control.

{¶19}  In *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, the Ohio Supreme Court held that for "sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose post-release control, trial courts shall apply the procedures set forth in R.C. 2929.191." Id. at paragraph two of the syllabus. Here, Nichols was sentenced in October 2007 and thus subject to the sentence-correction mechanism of R.C. 2929.191.  See id. at ¶27.  Further, in *Singleton*, the Court specifically recognized that R.C. 2929.191 does not afford de novo sentencing hearings for defendants sentenced after July 11, 2006, but rather that the resentencing pertains only to the flawed imposition of post-release control.  Id. at ¶24.

{¶20}  R.C. 2929.191 provides in relevant part:

{¶21}  "[a]t any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison."  R.C. 2929.191(A)(1).

{¶22}  "Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. * * * At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction."  R.C. 2929.191(C).

{¶23}  Here the original October 2007 sentencing entry was problematic in that it did not inform Nichols of the *mandatory* nature of his post-release control:  "Upon completion of the prison term, the defendant is subject to a period of supervision under post-release control of five (5) years *as the parole board may determine* pursuant to law."

{¶24}  The trial court properly applied the sentence-correction mechanism of R.C. 2929.191.  The court held a hearing and adequately notified Nichols about post-release

control. The trial court explained to Nichols in detail that he must impose a mandatory five-year term of post-release control.

**{¶25}** "THE COURT:  * * * you will have and you shall have a mandatory term of post-release control imposed upon you for a period of 5 years.  Because it is a felony of the first degree I am required to impose post-release control upon you for a period of 5 years and therefore I am imposing that 5 year post-release control period."

**{¶26}** The trial court inquired whether Nichols understood the imposition of post-release control and Nichols answered in the affirmative.  The court also explained to Nichols the potential sanctions and penalties that could be imposed by the Adult Parole Authority for a violation of post-release control.  At no time did Nichols indicate that he did not understand the post-release control that was being imposed upon him.  The April 13, 2010 judgment entry of resentencing, as quoted supra, properly states Nichols' post-release control obligations.

**{¶27}** Although in some ways the trial court conducted a de novo sentencing hearing, which is not required pursuant to *Singleton,* any error in so doing is harmless since the court sentenced Nichols to the same three-year sentence.

**{¶28}** For the foregoing reasons, there are no meritorious issues for appeal. Consequently, Nichols' appeal is wholly frivolous.  Counsel's motion to withdraw is sustained and the judgment of the trial court is affirmed.

Waite, P.J., concurs.

Donofrio, J., concurs.