[Cite as *In re H.M.*, 2011-Ohio-6376.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| H.M. | ) | |
| | ) | |
| | ) | CASE NO. 11-NO-381 |
| | ) | |
| | ) | OPINION |
| | ) | |
| | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Court of Common Pleas, Juvenile Division of Noble County, Ohio
Case No. 209-3044

JUDGMENT:      Affirmed

APPEARANCES:
For Plaintiff-Appellee      Jamie Riley
Assistant Prosecutor
508 North Street
Caldwell, Ohio 43724

For Defendant-Appellant      Attorney Lindsey K. Donehue
P.O. Box 464
116 Southgate Parkway
Cambridge, Ohio 43725

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: December 9, 2011

[Cite as *In re H.M.*, 2011-Ohio-6376.]
DONOFRIO, J.

{¶1} Appellant, Sheena M., appeals from a Noble County Common Pleas Court Juvenile Division decision granting permanent custody of her daughter to appellee, the Noble County Department of Job and Family Services, and terminating her parental rights.

{¶2} Appellant gave birth to H.M. in April 2009. The trial court granted appellee temporary custody of H.M. on September 25, 2009, based on allegations that she was neglected and dependent. The court appointed counsel for appellant at that time. The court also appointed a guardian ad litem (GAL) for H.M. A case plan was put into place for appellant with the goal of reunification. The court subsequently adjudicated H.M. a dependent child upon a voluntary admission by appellant.

{¶3} On December 10, 2010, appellee filed a motion for permanent custody of H.M. The court held a hearing on appellee's motion. Appellant appeared at the hearing. The court noted that H.M.'s father was unknown and failed to appear. It found that H.M. had been in appellee's temporary custody for at least 12 of the last 22 months and it was in her best interest that it grant her custody to appellee. Therefore, the court terminated appellant's parental rights and granted H.M.'s permanent custody to appellee.

{¶4} Appellant filed a timely notice of appeal on March, 29, 2011.

{¶5} Appellant's counsel has filed a no merit brief and request to withdraw as counsel pursuant to *State v. Toney* (1970), 23 Ohio App.2d 203. In *Toney*, this court set out the procedure to be used when appointed counsel finds that an indigent criminal defendant's appeal is frivolous. This court has held that the *Toney* procedure also applies in cases where appointed counsel seeks to withdraw in a parental rights case. *In re K.B.*, 7th Dist. No. 09-BE-24, 2010-Ohio-1015.

{¶6} The *Toney* procedure is as follows:

{¶7} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to

withdraw as counsel of record.

{¶8} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

{¶9} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

{¶10} " * * *

{¶11} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id. at the syllabus.

{¶12} This court informed appellant that her counsel filed a *Toney* brief. Appellant did not file a pro se brief. Additionally, appellee has not filed a brief.

{¶13} Despite filing a *Toney* brief, counsel has raised one "arguable" issue on appeal. We will consider this issue in our review of the record. It states:

{¶14} "THE JUDGMENT OF THE TRIAL COURT TO GRANT PERMANENT CUSTODY OF H.M. MUST BE REVERSED BECAUSE IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶15} A parent's right to raise his or her children is an essential and basic civil right. *In re Murray* (1990), 52 Ohio St.3d 155, 157, citing *Stanley v. Illinois* (1972), 405 U.S. 645, 651. However, this right is not absolute. *In re Sims*, 7th Dist. No. 02-JE-2, 2002-Ohio-3458, at ¶23. In order to protect a child's welfare, the state may terminate parents' rights as a last resort. Id.

{¶16} We review a trial court's decision terminating parental rights and responsibilities for an abuse of discretion. *Sims*, 7th Dist. No. 02-JE-2, at ¶36. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

**{¶17}** The trial court may grant permanent custody of a child to the agency if the court determines by clear and convincing evidence that it is in the child's best interest to grant permanent custody to the agency and that the child has been in the temporary custody of one or more public children's services agencies for 12 or more months of a consecutive 22-month period. R.C. 2151.414(B)(1)(d). Clear and convincing evidence is evidence that produces in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. *In re Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 368.

**{¶18}** In determining whether it is in the child's best interest to grant custody to the agency, the court shall consider:

**{¶19}** "(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

**{¶20}** "(b) The wishes of the child, * * * with due regard for the maturity of the child;

**{¶21}** "(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, * * *;

**{¶22}** "(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

**{¶23}** "(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child." R.C. 2151.414(D)(1).

**{¶24}** The trial court made the following findings. H.M. has been in the temporary custody of a public children services agency for 12 or more months of a consecutive 22-month period and a grant of permanent custody is in her best interest. Appellant has continuously and substantially failed to comply with the case plan. She has failed to utilize psychological and social services required by the case

plan. She has not been able to maintain stable housing. She has been unwilling to meaningfully visit with the child at times and she is unwilling to provide the child with an adequate permanent home. The court also expressed concern with appellant's chronic mental and emotional condition and how it affects her ability to provide for her child. Based on these considerations, the court granted permanent custody of H.M. to appellee.

**{¶25}** The evidence supports the trial court's grant of permanent custody to appellee. The witnesses testified as follows.

**{¶26}** Jennifer Myers, the clinical records manager for Six County, Inc., testified first. Myers stated that appellant had been referred to her agency for crisis intervention in September 2009. (Tr. 3-4). Appellant attended one counseling session and then failed to appear for the subsequently-scheduled sessions. (Tr. 4). As a result of her failure to appear, the agency terminated its services with appellant in June 2010. (Tr. 4-5).

**{¶27}** Judy Weisend works in the public assistance eligibility department of the Noble County Department of Job and Family Services. She testified that as a function of her job, she is notified of individuals' addresses. (Tr. 7). Weisend stated that from September 2009 through November 2010, appellant had reported 12 different addresses in various towns in Ohio and West Virginia. (Tr. 8-9).

**{¶28}** Kristine Schoeppner is the caseworker who was assigned to appellant's case. She testified that appellee was granted emergency custody of H.M. on September 18, 2009, and that H.M. had been in appellee's temporary custody continuously since that time. (Tr. 11-12).

**{¶29}** Schoeppner stated that a case plan was put into place for appellant that included: a psychological evaluation; attending counseling to address past domestic violence, possible substance abuse, and mental health issues; following through with the recommendations of the counselors; signing releases for information; taking any prescribed medications; attending parenting programs; using visitation time for visiting with H.M.; and obtaining stable housing and income. (Tr. 12-13).

**{¶30}** Schoeppner testified that appellant did not follow through with the agencies to which appellee recommended her. (Tr. 13). Appellant did not complete her psychological evaluation. (Tr. 14). Appellant reported to Schoeppner at one point that she was taking her prescribed medications and at another point that she was not. (Tr. 14-15). And appellant did not complete the parenting services that appellee offered to her. (Tr. 15). Appellant had obtained employment at two different McDonald's restaurants but was fired. (Tr. 17-18). As to housing, appellant reported 30 different residences since September 2009, including living on the streets and with several different boyfriends. (Tr. 19).

**{¶31}** Schoeppner stated that appellant had been visiting with H.M., but since the beginning of the year, she had only visited once. (Tr. 21). She also testified that there were many times appellant failed to show up for a visit or canceled. (Tr. 21). And during some visits, appellant became upset and requested that she just sign over her rights to H.M. (Tr. 22). Additionally, appellant spent time during her visits texting her friends or yelling at the staff. (Tr. 23). Appellant also told Schoeppner that she did not want to be around H.M. and requested that she not have any more visits. (Tr. 24). Schoeppner stated that H.M. did not appear to have a connection with appellant. (Tr. 25).

**{¶32}** Schoeppner further testified that no father was listed on H.M.'s birth certificate and that appellant was not able to provide her with the name of H.M.'s father. (Tr. 15-16).

**{¶33}** Finally, Schoeppner testified that H.M. had been in appellee's temporary custody for 12 or more months of a consecutive 22-month period. (Tr. 25). She also opined that H.M.'s best interest required permanency and that it was in H.M.'s best interest that the court grant her permanent custody to appellee. (Tr. 25-26).

**{¶34}** Appellant was the last witness to testify. She stated that she currently lives with a woman named Emily for whom she babysits. (Tr. 31). Appellant earns $60 to $120 per week and also receives food stamps. (Tr. 32). She stated that she

does not have a driver's license but is in the process of trying to obtain one. (Tr. 33). Appellant stated that she attended some appointments where she was diagnosed as having bipolar disorder, depression, and severe anxiety. (Tr. 34). She stated that she was prescribed two medications, which she had to stop taking because she became pregnant. (Tr. 34). Since then, appellant stated that she takes Prozac. (Tr. 34). She stated that she started parenting classes. (Tr. 36). As to why she had not been visiting with H.M., appellant stated that she had a case of head lice and had not been permitted to visit until it was all cleared up, which it was at the time of the hearing. (Tr. 38).

{¶35} Appellant also expressed to the court her desire to have custody of H.M. (Tr. 37). And she stated that she believed it was in H.M.'s best interest to come home with her. (Tr. 39).

{¶36} In addition to the testimony, the court noted that the GAL filed a report, which it would consider. (Tr. 44). Neither party wished to cross examine the GAL. (Tr. 44). And although the GAL did not testify, she argued to the court that it was in H.M's best interest for the court to grant permanent custody to appellee because she needed permanency. (Tr. 47).

{¶37} The applicable statutory best interest factors support the trial court's decision.

{¶38} First, Schoeppner testified that H.M. does not appear connected to appellant.

{¶39} Second, H.M. has been in appellee's temporary custody since she was just five months old. She is now over two years old. Thus, she has been in appellee's custody for well over 12 of the last 22 months. And she has spent most of her life living apart from appellant.

{¶40} Third, both Schoeppner and the GAL opined that H.M. was in need of permanency.

{¶41} In addition to the applicable statutory factors, other evidence further supports the court's grant of permanent custody. Appellant failed to comply with

most of the case plan requirements. She did not go for her required psychological evaluation. She did not complete a parenting program. She did not obtain stable housing. According to the testimony of several witnesses, she moved as few as 12 and as many as 30 times in an 18-month period. At times she took her prescribed medications and at other times she did not. She was terminated from her counseling sessions for failing to appear. Furthermore, she missed numerous visits with H.M. and spent some time during the visits she did attend texting her friends or yelling at the staff.

**{¶42}** Moreover, both appellant's caseworker and H.M.'s guardian ad litem opined that it was in H.M.'s best interest that the court grant her permanent custody to appellee.

**{¶43}** Based on these factors, we cannot conclude that the trial court abused its discretion in granting permanent custody of H.M. to appellee.

**{¶44}** For the reasons stated above, the trial court's judgment is hereby affirmed. Counsel's motion to withdraw is granted.

Vukovich, J., concurs.

Waite, P.J., concurs.