[Cite as *State v. Dotson*, 2016-Ohio-8411.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 15 BE 0051 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| GREGORY ALLEN DOTSON | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of Common Pleas of Belmont County, Ohio
Case No. 15 CR 10

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiff-Appellee: Atty. Daniel P. Fry
Belmont County Prosecutor
147-A West Main Street
St. Clairsville, Ohio 43950
No Brief Filed

For Defendant-Appellant: Atty. Donna Jewell McCollum
3685 Stutz Drive, Suite 100
Canfield, Ohio 44406

JUDGES:

Hon. Cheryl L. Waite
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated: December 27, 2016

[Cite as *State v. Dotson*, 2016-Ohio-8411.]
WAITE, J.

{¶1} Appellant Gregory Allen Dotson appeals from his conviction and sentence pursuant to a Crim.R. 11 plea agreement entered in the Belmont County Common Pleas Court. Appellant's counsel filed a no merit brief requesting leave to withdraw. A complete review of the case reveals no appealable issues. Accordingly, Appellant's convictions and sentence are affirmed and counsel's motion to withdraw is granted.

### Factual and Procedural History

{¶2} On May 7, 2015, Appellant was indicted on one count of failure to notify of a change of address, a felony of the third degree, in violation of R.C. 2950.05(A). On July 13, 2015, Appellant entered into a Crim.R. 11 plea agreement with the state where Appellant agreed to plead guilty to the offense as charged. A sentence of one year of incarceration was jointly recommended. On that same date, the trial court held a plea hearing where the court entered into a colloquy with Appellant and informed him of his constitutional and nonconstitutional rights. At the hearing, the trial court accepted Appellant's plea and scheduled a sentencing hearing for August 10, 2015. On August 11, 2015, Appellant was sentenced to 24 months of incarceration, with credit for 110 days served. He was also sentenced to three years of postrelease control.

### No Merit Brief

{¶3} Based on a review of this matter, appellate counsel seeks to withdraw after finding no potentially meritorious arguments for appeal. This filing is known as a no merit brief or an *Anders* brief. See *Anders v. California*, 386 U.S. 738, 87 S.Ct.

1396, 18 L.E.2d 493 (1967). In this district, it is referred to as a *Toney* brief. See *State v. Toney*, 23 Ohio App.2d 203, 262 N.E. 2d 419 (7th Dist.1970).

**{¶4}** In *Toney*, we established the procedure to be used when appellate counsel wishes to withdraw from a case deemed a frivolous appeal.

3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, *pro se*.

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments *pro se* of the indigent, and then determine whether or not the appeal is wholly frivolous.

* * *

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as

counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Id.* at syllabus.

**{¶5}** On November 16, 2015, appellate counsel filed a no merit brief in this matter. On December 7, 2015, we filed a judgment entry informing Appellant that his counsel had filed a no merit brief and giving him thirty days to file his own brief. Appellant failed to file a brief in this matter. Accordingly, we must independently examine the record to determine whether there are any potentially meritorious issues in this matter.

## Plea Hearing

**{¶6}** Pursuant to Crim.R. 11(C), a trial court must advise a defendant of certain rights before it can accept the defendant's plea. These are divided into constitutional and nonconstitutional rights. Beginning with a defendant's constitutional rights, a trial court must advise a defendant of the following: (1) right to a jury trial; (2) right to confront witnesses against him; (3) right to compulsory process to obtain witnesses in his favor; (4) the state's burden to prove his guilt beyond a reasonable doubt at a trial; and (5) that a defendant cannot be compelled to testify at trial. *State v. Bell,* 7th Dist. No. 14 MA 0017, 2016-Ohio-1440, ¶ 9, citing Crim.R. 11(C)(2); *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19-21. In order for the defendant's plea to be valid, the trial court must strictly comply with these requirements. *Id.* at ¶ 31.

**{¶7}** The trial court must also advise a defendant of his nonconstitutional rights, which include: (1) the nature of the charges; (2) the maximum penalty the defendant is subject to, including postrelease control, if applicable; (3) whether the defendant is eligible for probation or community control sanctions; and (4) that a trial court may immediately proceed to sentencing after the plea is accepted. *Id.* at ¶ 10-13. Unlike the constitutional rights, a trial court need only substantially comply with these requirements. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Bell* at ¶10, citing *Veney* at ¶ 15. If the advisement of a defendant's nonconstitutional rights is not substantially complied with, the defendant must demonstrate prejudice. *Bell* at ¶ 10, citing *Veney,* at ¶ 15.

**{¶8}** Beginning with the constitutional rights, the trial court advised Appellant that he had a right to a jury trial. (7/13/15 Plea Hrg. Tr., p. 3.) He was told that he had a right to confront witnesses testifying against him. *Id.* at 8. The trial court explained Appellant's right to obtain witnesses through compulsory process. *Id.* at 9. He was also informed of his right to require the state to prove each element of the charged offense beyond a reasonable doubt. *Id.* at 8. Finally, the trial court advised him that he could not be compelled to testify at trial. *Id.* at 9. Appellant indicated that he understood each right and his willingness to give up each right as a result of his plea. Accordingly, we find that the trial court strictly complied with this requirement.

**{¶9}** In regard to Appellant's nonconstitutional rights, the trial court noted that Appellant mistakenly referred to his charged offense as "failure to register" within

his written plea agreement. The court explained to him that he was charged with failure to notify of his change of address, not failure to register, and asked for his permission to correct the error within the document. Appellant indicated that he understood his error and gave the court permission to correct it. Thus, the trial court adequately informed Appellant of the nature of the charges against him. The court advised him that he was subject to a maximum penalty of 36 months of incarceration and three years of postrelease control. The court further informed him that he was eligible for community control sanctions. Finally, the court advised Appellant that it could immediately proceed to sentencing after accepting his plea.

{¶10} Appellant indicated that he understood each right and that he would give them up as a result of his plea. As the trial court explained each of the nonconstitutional rights that Appellant would relinquish as a result of his plea, the court at least substantially complied with this requirement. Because the trial court strictly complied with a colloquy of Appellant's constitutional rights and at least substantially complied regarding his nonconstitutional rights, there are no appealable issues surrounding the plea hearing.

<u>Sentencing</u>

{¶11} An appellate court is permitted to review a felony sentence to determine if it is contrary to law. *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. Pursuant to *Marcum,* "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court

finds by clear and convincing evidence that the record does not support the sentence." *Id.* at ¶ 23.

**{¶12}** When determining a sentence, a trial court must consider the purposes and principles of sentencing in accordance with R.C. 2929.11, the seriousness and recidivism factors within R.C. 2929.14, and the proper statutory ranges set forth within R.C. 2929.14. Here, the trial court expressly stated at the sentencing hearing that it had considered the purposes and principles of sentencing pursuant to R.C. 2929.11 and found that a lesser sentence would not adequately punish Appellant, would not protect society, and would demean the seriousness of the offense. The trial court made similar findings within its sentencing entry.

**{¶13}** At the hearing, the trial court weighed the seriousness and recidivism factors within R.C. 2929.12 and found that the factors supported a lengthier sentence. Within its sentencing entry, the court listed and provided a detailed analysis of each R.C. 2929.12 factor. The trial court emphasized that Appellant had previously been convicted of the same offense and had already served ten months of incarceration. Consequently, the court found that Appellant had not previously responded to a lesser sentence. The court noted that Appellant had a lengthy criminal record going back seventeen years. The court also noted that Appellant showed no remorse and attempted to minimize his guilt.

**{¶14}** Finally, the trial court acknowledged that the maximum sentence was thirty-six months of incarceration and a $10,000 fine. Appellant's sentence was twenty-four months, thus was within the statutory range in accordance with R.C.

2929.14. Appellant was also given his right of allocution and made a lengthy statement on the record explaining his actions. Appellant was not given a consecutive sentence. As there is nothing within this record to demonstrate that Appellant's sentence is contrary to the law, there are no appealable issues regarding his sentence.

## Conclusion

{¶15} For the reasons provided, there are no potentially meritorious issues within this appeal. Accordingly, counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.

DeGenaro, J., concurs.

Robb, J., concurs.