STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 16 MA 0118 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| BAMBI L. SHILEY | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from the Court of
                                                        Common Pleas of Mahoning County,
                                                        Ohio
                                                        Case No. 16 CR 167

JUDGMENT:                                    Affirmed in part.  Sentence Vacated in
                                                        part.  Remanded in part.

APPEARANCES:

For Plaintiff-Appellee:                       Atty. Paul J. Gains
                                                        Mahoning County Prosecutor
                                                        Atty. Ralph M. Rivera
                                                        Assistant Prosecuting Attorney
                                                        21 West Boardman Street, 6th Floor
                                                        Youngstown, Ohio  44503

For Defendant-Appellant:                 Atty. Desirae DiPiero
                                                        7330 Market Street
                                                        Youngstown, Ohio  44512

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

                                                        Dated:  December 15, 2017

WAITE, J.

{¶1} Appellant Bambi L. Shiley appeals from her convictions and sentences pursuant to a Crim.R. 11 plea agreement entered into the Mahoning County Common Pleas Court for one count of endangering children. Appellant's counsel filed a no merit brief requesting leave to withdraw. A complete review of the case does reveal an appealable issue. Appellant's convictions are affirmed. However, the trial court improperly imposed a mandatory term of postrelease control. As such, Appellant's sentence is vacated in part and remanded for purposes of properly imposing postrelease control. Appointed counsel's motion to withdraw is granted.

Factual and Procedural History

{¶2} On February 25, 2016, Appellant was indicted on three counts of endangering children, a felony of the third degree. The indictment contained a typographical error listing the code section as R.C. 2919.22(A), (E)(2)(e). The error was corrected to reflect the correct code section, R.C. 2919.22(A), (E)(2)(c), in an April 12, 2016 judgment entry. The trial court found that the error did not change the nature of the offense or the offense level.

{¶3} Appellant entered into a Crim.R. 11 plea agreement with the state. Appellant agreed to plead guilty to one count of endangering children. The remaining counts were dismissed. The state agreed to recommend a sentence of twelve months of incarceration. On April 11, 2016, the trial court held a plea hearing. After entering into a Crim.R. 11 colloquy with Appellant, the court accepted her guilty plea. The state recommended a sentence of twelve months of incarceration. Appellant did not object to the state's recommendation.

**{¶4}** On July 14, 2016, the trial court accepted the state's recommendation and sentenced Appellant to twelve months of incarceration and ordered her to pay the costs of prosecution. The court additionally imposed a mandatory three-year term of postrelease control. The court credited Appellant with 121 days of jail time served. This timely appeal follows.

### No Merit Brief

**{¶5}** Appellant's counsel seeks to withdraw from the appeal after finding no meritorious arguments for appeal. This filing is known as a no merit brief or an *Anders* brief. See *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967). In this district, this filing is also referred to as a *Toney* brief. See *State v. Toney*, 23 Ohio App.2d 203, 262 N.E. 2d 419 (7th Dist.1970).

**{¶6}** In *Toney*, we established the procedure to be used when appellate counsel wishes to withdraw from a case deemed a frivolous appeal.

3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and

the indigent should be granted time to raise any points that he chooses, *pro se*.

5.   It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments *pro se* of the indigent, and then determine whether or not the appeal is wholly frivolous.

* * *

7.  Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Id.* at syllabus.

{¶7}   On January 31, 2017, appellate counsel filed a no merit brief in this matter.  On February 7, 2017, we entered a judgment entry informing Appellant that her counsel had filed a no merit brief and gave her thirty days to file her own brief. Appellant failed to file a brief.  Accordingly, we must independently examine the record to determine whether there are any potentially meritorious issues in this matter.  Counsel asserts that she has reviewed the plea colloquy, sentence, and notification of postrelease control.

<u>Plea Hearing</u>

{¶8} Pursuant to Crim.R. 11(C), a trial court must advise a defendant of certain rights before the court can accept the defendant's plea. These rights are divided into those that are constitutional and nonconstitutional.

{¶9} Beginning with a defendant's constitutional rights, a trial court must advise a defendant of the following: (1) right to a jury trial; (2) right to confrontation of witnesses; (3) compulsory process to obtain favorable witnesses; (4) the state's burden to prove guilt beyond a reasonable doubt at a trial; and (5) that a defendant cannot be compelled to testify at trial. *State v. Bell,* 7th Dist. No. 14 MA 0017, 2016-Ohio-1440, ¶ 9, citing Crim.R. 11(C)(2); *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19-21. In order for the defendant's plea to be valid, a trial court must strictly comply with these requirements. *Id.* at ¶ 31.

{¶10} The trial court must also advise a defendant of nonconstitutional rights: (1) the nature of the charges; (2) the maximum penalty to which the defendant is subject, including postrelease control, if applicable; (3) whether the defendant is eligible for probation or community control sanctions; and (4) that the trial court may immediately proceed to sentencing after the plea is accepted. *Id.* at ¶ 10-13. Unlike when advising on constitutional rights, a trial court need only substantially comply with these requirements. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Bell, supra* at ¶ 10, citing *Veney* at ¶ 15. If the trial court does not substantially comply when advising a defendant of his or her nonconstitutional rights, the defendant must demonstrate a prejudicial effect. *Id.*

{¶11} At the plea hearing, the trial court informed Appellant of her right to a jury trial where the state would be required to prove each element beyond a reasonable doubt, her right to issue subpoenas to compel witnesses to testify, her right to confront witnesses against her, and that she could not be compelled to testify at trial. (4/11/16 Plea Hrg. Tr., pp. 4-5.) As such, the trial court strictly complied in advising Appellant of her constitutional rights.

{¶12} As to Appellant's nonconstitutional rights, the trial court informed her of the charge against her, endangering children, a felony of the third degree. (*Id.* at p. 3.) The court advised her that she was subject to a maximum sentence of thirty-six months of incarceration and a fine up to $10,000. The court also informed Appellant that she may be required to pay court costs and restitution. (*Id.* at p. 6.) The court told her that if she received a term of incarceration, she would be subject to a mandatory three-year term of postrelease control. (*Id.* at p. 7.) The court advised her that she was eligible to receive probation. The court also informed her that it could immediately proceed to sentencing after accepting her plea. (*Id.* at p. 6.) Accordingly, the court at least substantially complied when advising Appellant of her nonconstitutional rights.

{¶13} As the court properly advised Appellant of both her constitutional and nonconstitutional rights, there are no appealable issues regarding her plea.

Sentencing

{¶14} An appellate court is permitted to review a felony sentence to determine if it is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23. Pursuant to *Marcum*, "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id*.

{¶15} When determining a sentence, a trial court must consider the purposes and principles of sentencing in accordance with R.C. 2929.11, the seriousness and recidivism factors within R.C. 2929.12, and the proper statutory ranges set forth in R.C. 2929.14.

{¶16} While the court did not expressly refer to these statutes, this omission is not necessarily error. Where the court's sentence falls within the statutory limits, " 'it will be presumed that the trial court considered the relevant factors in the absence of an affirmative showing that it failed to do so' unless the sentence is 'strikingly inconsistent' with the applicable factors." *State v. Grillon*, 7th Dist. No. 10 CO 30, 2012-Ohio-893, ¶ 131 citing *State v. James*, 7th Dist. No. 07-CO-47, 2009-Ohio-4392, ¶ 50.

{¶17} Appellant was sentenced to twelve months of incarceration, less than the statutorily defined maximum sentence. Thus, her sentence fell within the permissible statutory range. The trial court expressly weighed the recidivism and seriousness factors of R.C. 2929.12(B), (C). Additionally, the court stated that it

considered the purposes and principles of sentencing, and so complied with R.C. 2929.11. The court expressly stated that it considered the relevant statutes within the sentencing entry. (7/14/16 J.E.) As such, there are no appealable issues concerning Appellant's sentence.

Postrelease Control

{¶18} Pursuant to R.C. 2929.19(B)(2)(e), if the trial court determines that a prison term is necessary or required, the court must notify the defendant that if she violates postrelease control, the parole board may impose a prison term of up to one-half of the stated prison term to which she was originally sentenced. The trial court must notify the defendant of postrelease control at the sentencing hearing as well as within the sentencing entry. *State v. Mikolaj*, 7th Dist. No. 13 MA 152, 2014-Ohio-4007, ¶ 12.

{¶19} At the plea hearing, the trial court initially disagreed with the state's assertion that Appellant was subject to a mandatory three-year postrelease control term but later adopted the state's position. The state's argument was based on language within the former R.C. 2967.28(B)(3) which stated that "[f]or a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened physical harm to a person, three years."

{¶20} However, the statute was amended on March 22, 2013. Pursuant to the amended version of the statute, postrelease control is only mandatory "[f]or a felony of the third degree that is an offense of violence and is not a felony sex offense." There are no facts present in this case to indicate that Appellant committed

an offense of violence. Instead, this case involved the neglectful treatment of a minor. Appellant was sentenced on July 12, 2016. The amended version of the statute was applicable. As such, the trial court improperly imposed a mandatory term of postrelease control. The trial court made the identical misstatement within its sentencing entry. (7/14/16 J.E.) As such, there is an appealable issue because the trial court erred in its notification of Appellant's postrelease control.

## Conclusion

**{¶21}** As the trial court improperly imposed a mandatory term of postrelease control, Appellant's sentence is vacated in part and remanded for purposes of properly imposing postrelease control. All other aspects of the trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Donofrio, J., concurs.

Robb, P.J., concurs.